The opinion of the court was cielivered by
Gibson, J.
All the points but one have been abandoned in the argument. Under the plea of a former recovery, the defendant below proved, that the plaintiff had formerly sued him for the same cause of action, before a justice of the peace, and obtained a judgment for seventy dollars, from which the defendant áppealed, to the Court of Common Pleas, where the cause was determined on a rule of reference by an award in his favour, of a sum beyond the jurisdiction of a justice of the peace. And whether the judgment of the court on this award lie void, for excess of jurisdiction, or only erroneous, is the question to be decided.
It will be admitted, that the judgment of a justice of the peace, for a sum exceeding his jurisdiction, whether in favour of the plaintiff or the defendant, is merely void; and that, on appeal to the Court of Common Pleas, the court ought not to render a judgment which the justice could not have rendered. But the course of proceeding before the justice is not according to the common law; neither has he any jurisdiction, but what has been meted to him by the legislature. The Court of Common Pleas, however, has general and unlimited jurisdiction of the subject matter of the controversy, whether it arise from the plaintiff’s *215 cause of action, or a cross demapd by the defendant; and that the cause has come into court by appeal, and not by original writ, cannot change the nature of its jurisdiction, which is concurrent in the first instance with that of the justice; and it is to this jurisdiction,1 inherent and secured by the constitution, that the cause is remitted, when, under the provisions of the act of assembly, it is taken to the Court of Common Pleas, by appeal. Were that court put exactly on a footing with the justice, it would be bound to decide the cause in a summary way, as a justice does; but its proceedings on appeal are strictly according, to the course of the common law: the declaration, plea, issue, verdict, and judgment— all that in strictness constitutes the record-^-’-are exactly the same, and attended with the same incidents as if' the cause had originated in court. Even an original writ, (which by the by is never a part of the record) is recited in the declaration, as if one had actually issued. How then can another court, before which it comes collaterally, pronounce the judgment to be a nullity, no defect of jurisdiction appearing in the record? As the proceedings are not de novo, as to the substance of the matter in controversy, (for that would be oppressive, as regards tlxe party who did not appeal,) the court may look at the transcript, to ascertain the subject matter of the demand before the justice; but, if it give judgment for a matter of which the justice might not hold jurisdiction, it will be erroneous, but not void. Were it otherwise, the sheriff, who is not supposed to be apprized of any thing but the judgment, (and that discloses no defect of jurisdiction,) would be a trespasser, in executing the final process of the court. But the uniform practice of this court has been to reverse on writ of error, where the Court of Common Pleas has rendered a judgment which the jurisdiction of the justice would not permit'him to rerider; and many causes have been decided on that ground; but this would be not only unnecessary, but impracticable, if the judgment were merely void. In the case before us, although the judgment of the Court of Common Pleas of Erie county was- undoubtedly erroneous, it could not be treated as a nullity; and we are, therefore, of opinion, that there is no error in the charge of the court below.
Judgment affirmed.