The opinion of the court was delivered by
Gibson, J.
In this case, as frequently happens in others, we are presented with a long list of superfluous points; and, as regards all but one, I shall merely say that the errors assigned are not sustained. The main question is, whether -.ssumpsit will lie for money which has been ordered to be refunded, on the reversal of the judgment of an inferior court. It is said in elementary books, that assumpsit is the proper action where money has been received under a judgment which is reversed; but this, I apprehend, must be restrained to cases of reversal without an order of restitution. At the common law, courts of law have a power originally incident to all courts, to carry their own decisions into effect; and where the judgment is affirmed, the execution issues from the court of error for the recovery of the thing in controversy, just as it would have done if the cause had remained below; and, on the other hand, where the judgment is reversed, a writ goes, not as a matter of course, but on the special order of the court to restore the plaintiff in error to whatever he had lost in consequence of the erroneous judgment. By an act of assembly of this state, it is made the duty of the Supreme Court to remit the record with its judgment thereon written, to the court below, whose duty it then becomes to carry such judgment into execution. Now an order of restitution, where one is made, is not merely collateral to the judgment of reversal, but a part of the judgment itself. In this respect, the judgment, when entered in form, is not only that the judgment of the court below be reversed, but that “it is considered that the defendant be restored to all things which he has lost on occasion of the judgment aforesaid;” and the writ of restitution which is issued in pursuance of it, and in which the sheriff is commanded to levy the money of the chattels of the plaintiff, or to arrest his person, is strictly an execution. In the case before us, then, the question is narrowed to an inquiry whether the plaintiff can maintain assumpsit, on an express or implied promise of the defendant to pay the amount of a judgment which had been rendered against him: and *295 it is clear and incontrovertible law, that such an action is not maintainable, even though the promise be made on the additional consideration of a stay of execution; and this, because the plaintiff would otherwise be permitted to turn his judgment into a simple contract debt. But it seems to be agreed, that such a promise would be a sufficient ground for an action, if made by a stranger. Had the plaintiff procured a reversal of the judgment without an order of restitution, the money obtained from him might have been recovered back by indebitatus assumpsit; but as he has obtained a judgment for it in a court of competent jurisdiction, the simple contract debt which would otherwise exist, is merged; and he cannot recover.
Judgment reversed.