# Kennedy *against* Hughey.

If a plaintiff originate a suit before a justice of the peace, who has no jurisdiction of the cause of action, and which comes into the court of common pleas by appeal, and is there referred to arbitrators from whose award the defendant appeals, and the cause is afterwards dismissed on the ground of the want of original jurisdiction, the defendant may recover from the plaintiff, in an action against him, the costs which he paid on the appeal from the award of arbitrators; and the plaintiff cannot set off the defendant's costs of a term paid upon a continuance at the instance of the plaintiff.

WRIT of error to the court of common pleas of *Alleghany* county.

The following was the case stated for the opinion of the court below, to be considered as a special verdict, with leave to either party to take a writ of error.

An action on the case for consequential damages was brought by Hughey against Kennedy, before justice Beltzhoover, who entered judgment for Hughey for 30 dollars and costs of suit. Kennedy appealed to the court of common pleas of Alleghany county, in which the suit was entered No. 329 of August term 1826. Hughey arbitrated the cause under the compulsory arbitration law, and, on the 7th of October 1826, obtained an award for 45 dollars, with costs of suit. On the 18th of the same month Kennedy appealed from the award and paid the costs, amounting to 30 dollars and 70 cents. Kennedy put in the plea of not guilty, and at January term 1827 the cause was on the trial list and continued at the cost of Hughey, who paid the defendant's costs at that term (23 dollars and 29 cents), under an order of the court. In April 1827 the cause was again on the trial list, when the court ordered it to be struck from the records on the ground of the want of jurisdiction in the court below.

This suit is brought by Kennedy to recover back the amount of the costs paid by him when he appealed from the award of the arbitrators. If the court shall be of opinion in his favour, they will direct judgment for him for the amount paid, with interest; if they should

III.—II

[Kennedy v. Hughey.]

think he should not recover, then for the defendant. And if the court think plaintiff should recover, the court will say whether the costs paid by Hughey, at January term 1827, should not be defalked.

Upon the case thus presented, the court below decided that the action could not be maintained by Kennedy to recover back the amount of the costs paid by him when he appealed from the award of the arbitrators, and judgment was rendered for the defendant.

The case was now argued by

*Fetterman,* for plaintiff in error, who contended that the action for money had and received was the proper one in this case. *Lofft's Rep.* 207; *Bull. N. P.* 131; *Cowp.* 419; 6 *Peters's S. C. Rep.* 17; 6 *Cowen* 299; 1 *Harris & Johns.* 405; 4 *Serg. & Rawle* 387. The collateral action was brought by Hughey before a justice to recover consequential damages from Kennedy, for injury done by the latter to a horse. The court below dismissed the appeal because the justice had no jurisdiction. The appeal from the award of the arbitrators, and the payment of the costs by Kennedy, were not a waiver of his right to bring an action to recover back those costs, after the dismissal of the suit. The defendant, when summoned, must appear. He has been sued before a tribunal not having jurisdiction. The party plaintiff is in fault who resorted to the wrong tribunal. There may not have been any thing on the face of the transcript from the justice's docket, to show a defect of jurisdiction; and how in that case was the defendant to blame? He appeared by compulsion. He did every thing by compulsion. And after the award, he had no alternative but to appeal or pay the money, which was all owing to the wrongful act of the plaintiff. We applied to the court below for a judgment for costs, which they refused, because they had no jurisdiction. It has always been the understanding of our bar that if the court have no jurisdiction of the case, it has no control over the costs. 2 *Mass.* 207; 15 *Mass.* 221; 1 *Penns. Rep.* 461.

*Burke,* with whom was *Forward,* for defendant in error.

The payment of the costs by Kennedy was a voluntary act. He might have got rid of the whole case by *certiorari :* but he chose to proceed by appeal. He did not ask the court to quash the appeal for want of jurisdiction in the justice. He recognizes the jurisdiction. He pays the costs voluntarily. He obtains no order of the court for restitution, but brings this action against Hughey for the recovery of the costs. Both parties laboured under the same mistake, and supposed that the suit was regularly before the court and within its jurisdiction. So that the money or costs were paid and received in good conscience. In such a case an action for money had and received cannot be sustained. 3 *Penns. Rep.* 112; 2 *Johns. Ch.* 60; 1 *Pet. S. C. Rep.* 2; 1 *Dall.* 148; 6 *Serg. & Rawle* 369; 10 *Serg. & Rawle* 220; 2 *Rawle* 118. Ignorance of the law will not enable a plaintiff to recover in this form of action. He had every means of

[Kennedy v. Hughey.]

knowing the law at the time he paid the costs : and there was no breach of confidence or trust on the part of the prothonotary, since the objection to the jurisdiction was not made until the trial. The costs were due to the officers, by whom they were demanded, and not by Hughey. All parties are charged with a knowledge of the law ; and when money is paid by mistake, and there is no fraud, no action of this kind can be maintained.

The opinion of the Court was delivered by

KENNEDY, J.—In Duncan *v.* Kirkpatrick, 13 *Serg. & Rawle* 292, it was held that *assumpsit* would not lie to recover back money collected by execution upon a judgment of the court of common pleas of Franklin county, which had been reversed with an order that the money should be restored ; but it was thought that such action might have been maintained had not an order of restitution accompanied the reversal of the judgment. In Feltham *v.* Terry, *Lofft's Rep.* 207 ; *Bull. N. P.* 131, it was ruled, that where the defendant had levied money by selling the plaintiff's goods on a justice's warrant founded on a conviction which was afterwards quashed, an action for money had and received then lay for the clear money produced by the sale of the goods. It is argued, however, that the money sought to be recovered back in the case at bar, was paid by the plaintiff voluntarily, and therefore is distinguishable from the cases just referred to. If it were really so that the plaintiff had paid the money *voluntarily* which he seeks to recover in this action, then perhaps the rule *volenti non fit injuria* might have an application and prevent his recovery.

But it appears to me that it can with no propriety be said, that the plaintiff exercised his own free will, when, for the purpose of obtaining relief by way of appeal from the illegal proceedings of the defendant against him, he paid the 30 dollars 70 cents, being the amount of the costs which had accrued thereon at the instance of the defendant, and without payment whereof the appeal could not have been had. It is obvious these costs were paid and the appeal taken under the impression that it was necessary in order to be relieved from the irregular award of the arbitrators made against him for the payment of 45 dollars damages besides these costs. Hence it may well be considered in a moral point of view, and I think also in a legal, that the plaintiff was compelled to pay these costs to relieve himself. The inducement on his part to pay them, was at least quite as irresistible as, if not more so than, it was in Astley *v.* Reynolds, 2 *Stran.* 915 ; *Bull. N. P.* 132, where the plaintiff having pawned plate to the defendant for 20 pounds, at the end of three years came to redeem it, and the defendant insisting to have 10 pounds for interest, the plaintiff tendered 4 pounds, being more than the legal interest, which the defendant refusing and insisting on the 10 pounds, the plaintiff paid it and thereby got his goods ; and held that he might maintain his action for the surplus beyond legal interest, because it

[Kennedy v. Hughey.]

was a payment by *compulsion*, nothwithstanding he might, without paying the excess beyond legal interest, have recovered his plate by action of detinue, or the value of it in an action of trover ; and that the rule *volenti non fit injuria* was said " to hold only where the party had his freedom of exercising his will." So in the case of Smith *v.* Bromley, *cor. Lord Mansfield* 1760 ; 2 *Doug.* 696, *in notes* (3d *ed.*); *Bull. N. P.* 133, where the plaintiff's brother being a bankrupt, an agent for one of the creditors told her that for money his client would sign the certificate. She gave forty pounds; the certificate was signed : she brought *assumpsit* and recovered the money back. Yet in this latter case it was evident that the money was paid merely under the force of a moral feeling and intense desire to relieve a brother, which it may be said she could have resisted if she would ; but still in a moral point of view, and so I have said legal also, she must be looked on as having been *compelled* to do it under the improper requisition of the defendant, who took advantage of her great anxiety for the relief and safety of her brother.

It is also further contended, that because the whole proceeding against the plaintiff was *void* for want of jurisdiction, he might have resisted successfully the payment of the money awarded to be paid by him to the defendant, without taking an appeal, and therefore the payment of the 30 dollars 70 cents for that purpose was unnecessary, and ought to be considered *voluntary ;* being as it were a matter of choice with him to pay or not as he pleased. There may be something plausible in this reasoning, but surely it would not have been considered either wise or commendable on the part of the plaintiff, after the award of the arbitrators had been made against him, to have ceased all further effort in a quiet and peaceable manner to obtain a judicial decision annulling and reversing it ; and instead of taking the course he did, to have awaited the defendant's sending an officer with an execution to levy and collect the amount of the award out of his property, and then to have resisted the officer by force ; or otherwise, to have permitted him to have seized and sold his property, and then to have brought his action against the defendant to recover remuneration for an injury which would necessarily have exceeded greatly in amount all that he claims now. But it may be questionable whether the plaintiff could have obtained any remuneration at all in this way, or in any other than by taking an appeal as he did, or by having sued out a writ of error ; for in Hinds *v.* Willis, 13 *Serg. & Rawle* 213, this court ruled that a judgment rendered in the common pleas upon an appeal from a justice of the peace for a sum exceeding the justice's jurisdiction, was not void, and was a bar to a recovery in a subsequent action brought for the same cause until reversed by writ of error.

It is also said that the plaintiff might have removed the judgment of the justice against him into the common pleas by writ of *certiorari,* instead of taking it there by appeal, and have had it quashed for want of jurisdiction in the justice to render such judgment, and thus

[Kennedy v. Hughey.]

have put it out of the power of the defendant to have proceeded, as he did, by referring the cause to arbitrators under the compulsory arbitration act: out of which latter proceeding the necessity, if any, arose, that compelled the plaintiff to pay the money which he now seeks to recover back. It is true the plaintiff might have adopted this course; but it has not been shown that he was bound to pursue it alone, and no other, or that the appeal was not as effectual, and as well suited to obtain relief from the unauthorized judgment of the justice, as the writ of *certiorari:* and if it were, as I am inclined to think it was, then what was there to restrain the plaintiff from making his election as to the mode he should adopt and pursue in order to be relieved? I must confess that I am unable to perceive any good reason why he should have been confined to a writ of *certiorari* more than an appeal, since either would answer his purpose equally well, and could in no wise prejudice the rights of the defendant. The moneys paid by the plaintiff upon entering his appeal from the award of the arbitrators were the costs of the defendant, incurred by him and at his instance, which he was bound to pay, if not paid by him; and which, if paid by him, he had no right whatever to be reimbursed them by the plaintiff, seeing he had commenced his suit before a justice of the peace for a cause of action not within his jurisdiction. The proceeding was therefore illegal, and the authority under which the plaintiff was required to pay these costs, if not void, was at least voidable, and having been avoided by the order of the court of common pleas in dismissing the suit and proceeding thereon from their records, it seems to bring this case within the principle established in Newdicate v. Davy, 1 *Lord Raym.* 742; *Bull. N. P.* 133, where it was held that *indebitatus assumpsit* lay for Sir Richard Newdicate to recover back the arrears of rent which he had paid under a decree of the high commission court in James the Second's time, to Davy, whom he had removed from a donative, because the authority under which he paid the money was *void:* so in the present case it may be fairly said that the award, which imposed upon the plaintiff the necessity of *appealing*, and which could only be done by his first paying the costs accrued on the suit, was without authority for want of jurisdiction, and if not absolutely *void*, was rendered so by the order of the court of common pleas before the institution of this suit.

No objection of an equitable nature has been set up to the plaintiff's recovery in this action; nor can I perceive that any exists: for it cannot be denied that the costs paid by the plaintiff, and sought now to be recovered by him from the defendant, were all occasioned by the defendant himself, and such as he was bound to have paid. Then the plaintiff having paid them for him, equity would rather seem to require that he should be repaid by the defendant; and then more especially so, as it cannot be pretended that the plaintiff by the course which he pursued has placed the defendant in no worse situation than he otherwise would have been.

[Kennedy v. Hughey.]

Under every view that I have been able to take of this case, I feel satisfied that as the money paid by the plaintiff was paid by him for the benefit of the defendant, and that having been compelled to pay it in order to relieve himself from a still greater impending evil which the defendant had improperly, and without any legal authority raised on his own head, he is therefore entitled to recover it back. I also think that the defendant has no right to have a set-off made of the 23 dollars 29 cents paid by him to the plaintiff under an order of the court at January term 1827. They were costs which he doubtless had caused the plaintiff to incur to his prejudice, and such as the court, under the circumstances of the case at the time, thought he ought to pay to the plaintiff, and accordingly directed it to be so. There is no reason to believe that the plaintiff had not a just claim to them, and that he might not conscientiously receive them. The judgment of the court below is reversed, and judgment rendered in favour of the plaintiff for the 30 dollars 70 cents, with interest thereon from the 18th of October 1826, besides costs of suit.

Judgment reversed, and judgment for the plaintiff.