[PHILADELPHIA, JANUARY 26TH, 1839.]

## DICKERSON *against* ANDERSON.

### IN ERROR.

Under the act of the 9th of April, 1833, it is not sufficient to relieve a defendant from the payment of costs which have accrued after an appeal by him from the judgment of a justice of the peace that he should have made a *tender* of the amount which he admitted to be due, with the costs that had accrued. It is necessary that he should have offered to give a *judgment* for such amount.

ERROR, to the Common Pleas of Bucks County.

The suit, which was trover for seven tons of coal, was originally instituted before a justice of the peace, by William Anderson against John Dickerson. Each party appeared by an attorney. The plaintiff claimed to recover $35 the alleged value of the coal. The defendant made a tender of five dollars, and two dollars fifty-two cents, the amount of costs that had accrued. After hearing the parties, the justice gave judgment for the plaintiff in the sum of $20 with costs. The defendant appealed to the Court of Common Pleas; where the cause was referred to arbitrators, who awarded five dollars to the plaintiff. Judgment was entered upon the award. The plaintiff moved to have the judgment entered *with* costs. The defendant obtained a rule on the plaintiff to show cause " why the judgment on the award should not be entered without costs; and why the plaintiff should not be directed to pay the costs of the defendant according to the act of assembly of the 9th of April, 1833."

After argument, the Court (Fox, President,) delivered the following opinion, on the 18th of April, 1838.

" This was an appeal from the judgment of Justice Snyder, who gave judgment for the plaintiff for the sum of twenty dollars. The case was arbitrated after it came into this Court, and award was given for the plaintiff for the sum of five dollars. The plaintiff moved to have the judgment entered with costs. The defendant

objected to this entry, and asked that the judgment should be for costs for the defendant. The ground upon which the defendant relied for his motion was, that it appeared from the record of the justice, " that the defendant made a tender of five dollars, and two dollars and fifty-two cents, the amount of costs that had accrued." The act of assembly in relation to the matter, is in the following words : ' The costs on appeals hereafter entered from judgments of justices of the peace and aldermen, shall abide the event of the suit, and be paid by the unsuccessful party, as in other cases. Provided that if the defendant, either on the trial of the cause before the justice, or referees, or before an appeal is taken, shall offer to give the plaintiff a judgment for the amount the defendant shall admit to be due, which offer it shall be the duty of the justice or referees to enter upon record, and if the said plaintiff shall not accept such offer, then and in that case, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not in the event of the suit recover a greater amount than that for which the defendant offered to give a judgment ; and in both cases the defendant's bill shall be taxed and paid by the plaintiff in the same manner as if the judgment had been rendered for the defendant.' From this it is clear, that the plaintiff is entitled to judgment for costs, unless the defendant has brought himself within the provisions of the act which would entitle him to costs. To do this it must appear that he offered to give the plaintiff a judgment for the amount which he admitted to be due. This, confessedly, he has not done. He made a tender of five dollars, and two dollars and fifty-two cents for costs accrued. How did he make the tender ; did he offer five dollars to the plaintiff? That does not appear. Had he paid into the magistrate's hands for the plaintiff the sum of five dollars, and the costs which had accrued, then there would have been some ground for saying he had put the plaintiff in as good a situation as if he had offered to give him a judgment. But even then, I doubt if he could subject the plaintiff to the severe penalty inflicted by the law, if an offer had been made to give a judgment. Before such penalty can be imposed the law requires that the defendant shall have offered to give judgment for what he admits to be due ; this he did not do. There may be many reasons why a plaintiff would desire a judgment, and not a tender of the money. Why did not the defendant offer to give the judgment provided by the act? It appears that he was represented by counsel before the justice, and they chose to tender five dollars, instead of giving a judgment ; as they have chosen not to take the course prescribed by law, they cannot have the advantage of its provision. They probably contemplated some advantage to the defendant by not offering the judgment; and they must be content not to have the advantage the law provided for them if they had done so."

Judgment having been entered for the costs, the defendant took a writ of error, and assigned the following errors.

" 1. The Court erred in entering judgment in favour of the plaintiff for full costs.

2. The Court erred in not entering judgment in favour of the plaintiff for the amount of the award of arbitrators, and in favour of defendant for costs.

3. The Court erred in deciding ' That a tender of the amount admitted to be due, and all the costs that had accrued up to the time of such tender is not equivalent to a ' tender of a judgment,' under the act of 9th of April, 1833.'

4. The Court erred in deciding ' That it must appear that the defendant offered to give the plaintiff a judgment for the amount admitted to be due ;' and that neither a tender of the money, nor even a payment into the magistrate's hands, is equivalent to a tender of the judgment under the act."

Mr. *W. R. Dickerson,* for the plaintiff in error, referred to the act of 1833 ; and cited *M'Dowell* v. *Glass,* (4 *Watts,* 389.)

Mr. *Chapman, contra.*

Per Curiam.—The act requires the defendant to offer a confession of judgment, not to tender the debt ; and we should get away from every thing like certainty did we depart from the words. Besides, the justice had authority to receive the money only on the foot of a judgment; and that was not proposed to be given. The present point was left open in *M'Dowell* v. *Glass,* not because it was a doubtful one, but because it did not arise.

Judgment affirmed.