SAMUEL BOGART, Plaintiff in error, who was Defendant below, *v.* RATHBONE and WILSON.

1. To discharge a defendant from the payment of costs on an appeal, when he has reduced the judgment in court, he must have made his offer to confess judgment, during the trial of the cause before the justice, or before the appeal taken, and have it entered on the justice's record.
2. The offer to confess judgment after the appeal is taken, and before the justice has made out his transcript of the appeal, is too late.

ERROR to the Common Pleas of Tioga county.

This suit originated before a justice of the peace. On the 24th March, 1838, there was a final hearing before the justice, who gave judgment for the plaintiff, for $32 25. From this judgment, Bogart, the defendant, immediately appealed, and entered bail before the justice to prosecute his appeal with effect. On the 30th March, 1838, Bogart, before he had taken out his transcript of the appeal, appeared before the justice, and had entered on the justice's docket an offer to confess judgment for $20. He afterwards filed his appeal in the Common Pleas, where the cause was tried, and a verdict and judgment rendered for eight dollars.

Bogart urged the court below to enter the judgment on this verdict without costs. The court refused, and this refusal of the court of Common Pleas is assigned for error.

*Knox*, for plaintiff in error, contended that the offer to confess judgment was made pursuant to the act; that the defendant, after he had appealed, which he did immediately after judgment against him, but before he had taken out his transcript, offered to confess judgment for $20, and that this offer was entered by the justice upon the record.

That the plaintiff knew of this offer, and refused to take less than the amount of the judgment.

*Maynard*, for defendant in error.

In order to entitle a defendant to costs, in cases of appeal from the judgment of justices, and aldermen, &c., under the act of 9th April, 1833, (Purdon's Dig. 644,) when the plaintiff obtains a judgment on the appeal, it is necessary for the defendant to offer to give the plaintiff a judgment for an amount which the defendant shall admit to be due, before the appeal is taken by the defendant. The questions then are : what is taking an appeal within the meaning of the act, and when was the appeal taken in this case? The taking of an appeal is the entering into the proper recognisance, before the justice for that purpose, within twenty days, the time prescribed by the acts regulating appeals, &c. The offer to give judgment, then, must be before the appeal is taken, and consequently within twenty days after the rendition of judgment by the justice. The reason of this is obvious. The justice has jurisdiction of the case until the appeal is taken, and no longer. Consequently, it is too late to offer a judgment after the appeal is taken, as the justice has neither jurisdiction of the cause of action, or the parties, after the appeal is taken. The offer, in this case, was made several days after the appeal was taken.

The opinion of the court was delivered by BURNSIDE, J.

Some confusion had crept into our jurisprudence, in settling, under confused statutes, who should pay the costs on appeals from justices of peace, where there was a reduction or increase of the justice's judgment in court; and when, on the trial, new and material evidence was given by the appellant. To remedy the existing confusion, the legislature passed the act of the 9th of April, 1833, (6 ed. of Purdon, 644,) which provides:

" That the costs on appeal, hereafter entered from the judgments of justices of the peace, and aldermen, shall abide the event of the suit, and be paid by the unsuccessful party, as in *other cases*. Provided, that if the plaintiff be the appellant, he shall pay all the costs which may accrue on the appeal, if, in the event of the suit, he shall not recover a greater sum, or a more favourable judgment than was rendered by the justice; and provided also, that if the defendant *either on the trial of the cause* before the justice or referees, or before *an appeal is taken*, shall offer to give the plaintiff a judgment for the amount which the defendant shall admit to be due, which offer it shall be the duty of the justice, and of the referees, to enter on the record, and if the said plaintiff, or his agent, shall not accept such offer, then, and in

that case, if the defendant shall appeal, the plaintiff shall pay all the costs which shall accrue on the appeal, if he shall not, in the event of the suit, recover a greater amount than that for which the defendant offered to give a judgment; and in both cases, the defendants' bill shall be taxed, or paid, by the plaintiff, in the same manner as if judgment had been rendered in court for the defendant."

If the defendant knows that he is indebted, and desires to be honest, and wishes to save costs, his course is a plain one. He must make the offer *either on the trial of the cause,* or *before the appeal* is *taken.* The counsel for the plaintiff in error contend, that it is the duty of this court to give the act what he is pleased to term a liberal construction, and that we should hold, that the offer is in time, when it is made after the appeal is taken, and before the appellant obtains from the justice a transcript to file with the prothonotary of the Common Pleas. The answer to this argument is, that the statute is clear and plain, and nothing left for judicial construction. It distinctly prescribes the duty of the defendant. He must make his offer either on the trial of the cause, or before the appeal is taken, and it is the duty of justices to enter it of record. When a statute is clear, plain, and direct, neither this court, or any other court, have a right to make provisions contrary to its obvious injunctions. By adhering to the directions of the statute, we will keep clear of confusion; and by sticking to the record of the justices, we shall prevent the pernicious practice of supplying records by parol evidence. See Dickerson *v.* Anderson, 4 Wharton, 78; 7 Watts & Serg. 235.

The judgment is affirmed.