## Richardson et al. *versus* Clarion County.

The respective counties are bound to furnish fuel to keep prisoners comfortable in jail ; and if they do not do so, and the sheriff furnishes it, the county commissioners are bound to reimburse him.

ERROR to the Common Pleas of *Clarion county*.

This case was an issue directed by the court, on appeal from the report of auditors of Clarion county. The matter to be tried was the legality of an order, drawn by the late commissioners of Clarion county, on the treasurer, in favor of James Hasson, late sheriff of that county, for $200 ; and the questions tried were, whether Hasson was entitled to be paid for office-rent, and for fuel for the jail.

In the issue, Clarion county was plaintiff, and Richardson,

[Richardson et al. *v.* Clarion County.]

executor of Richardson, and others, late commissioners, were defendants.

BUFFINGTON, J., charged that the item of office-rent ought not to be allowed.

As to the claim for fuel, he charged, as stated in the opinion of COULTER, J., concluding, " We, therefore, think that this item ought to be rejected, and a verdict rendered against the defendants." Verdict was rendered for plaintiff.

Assignment of Errors:

1. The court erred in charging the jury that the issue agreed upon, to try the legality of the order issued by defendants, whilst commissioners of Clarion county, on the treasurer, for certain claims preferred by James Hasson, sheriff, against the county, dispensed with the necessity of producing and giving in evidence the report of the auditors.

2. The commissioners having only allowed two hundred dollars of the bill preferred by James Hasson against the county, the court should have instructed the jury that the commissioners having passed upon the bill and allowed a part of it, the auditors had no power to charge the commissioners with any part of that sum, unless there was evidence of corruption on the part of the commissioners.

3. The court erred in charging the jury that the sheriff was not entitled to compensation for fuel for the jail.

4. The court erred in charging the jury that the sheriff was not entitled to pay for office-rent, it appearing from the evidence that the sheriff had rented a house in which he kept his office, and that the county had no office erected for the sheriff.

The case was was argued by *Lathy*, for plaintiffs in error.
*Sutton*, for defendant.

The opinion of the court was delivered by

COULTER, J.—In the main, the charge of the court below to the jury, is well enough; but there is one particular in which it is signally and emphatically erroneous. It was an appeal from the report of auditors of the county, to the Court of Common Pleas, in relation to certain claims preferred by Hasson, who was sheriff of the county, a great part of which had been allowed by the commissioners and rejected by the auditors. When the appeal was tried, the court below instructed the jury, among other things, as follows: " The remaining charge is for fuel. On this subject, also, the evidence is loose and unsatisfactory ; the amount furnished, the price paid, and whether used in his family, (the sheriff's,) or in the prison, is left in doubt. But be that as it may, we think he is not entitled to recover in any event. The act of Assembly requires

[Richardson et al. *v.* Clarion County.]

the Court of Quarter Sessions to fix a daily allowance for the board of prisoners, and with that amount the sheriff or jailer must be satisfied. And if it was the intention of the legislature that the sheriff should be allowed for fuel, in addition to boarding, they would have said so." That, however, I think, is a *non sequitur.* Some things are so deeply implanted in our nature, so thoroughly interwoven with the social duties and affections, and so sanctioned by feeling and humanity, that it is not necessary that the legislature should command them, in order to make them obligatory and lawful. And among these is the duty of preventing the captive and prisoner from freezing with cold. Is it becoming a great county, magnanimous in its feelings, to let *its* captive depend on the bounty and humanity of the jailer, hardened, perhaps, by his occupation, and steeled by his want of reward. Does it become a great and christian State to tolerate such a state of things? It would be a burning shame on the cheek of every citizen, if it were so. But happily, so far as my experience goes, I can say that the practice is not so in the State; and I believe all my brethren concur in their experience on the subject. It is the practice for the county to furnish fuel to keep the prisoners comfortable. The same rule adopted by the court below, would compel the prisoner to sleep in a cold night without fire, on the plank, with no bed under him nor blankets over him, because the legislature have not commanded these to be furnished any more than they have fuel. But the Almighty has commanded it; social duty commands it; religion and humanity commands it, and therefore it ought to be observed. We think the county is bound to furnish fuel sufficient to keep prisoners comfortable in the jail, and that so far as the sheriff furnished fuel for that purpose, the commissioners are bound to re-imburse him. A great progress has been made in the treatment of prisoners all the world over, even those who are convicts and sentenced for crime. In the act of 1705, which is yet suffered to remain on the statute book, prisoners are to be allowed the privilege of finding a bed for themselves, and food and other necessaries; and for that the public allowance is two pence a day, and no more, which would not buy bread and water. But these shrivelled and parsimonious feelings have long passed away, and mercy and humanity taken their place in public enactments and public law.

We think the court fell into error in instructing the jury that the sheriff was not entitled to an allowance for fuel furnished to the jail.

Judgment reversed and *venire de novo* awarded.