## Stryker v. Lycoming County, Appellant.

*Constables—Fees—Mileage and board of prisoners.*

A constable is entitled to recover from a county a sum which he had paid for railroad fare of a prisoner whom he arrested in another county, and brought back and lodged in jail.

A constable is not entitled to recover a lump sum " paid police authorities for detention, boarding and lodging," of a prisoner in a city outside of the county, where there is nothing to explain what " detention " meant, or what part of the sum was paid for " detention."

Argued Feb. 12, 1902. Appeal, No. 3, Feb. T., 1902, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1900, No. 370, on case stated in suit of Frank F. Stryker v. Lycoming County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Judgment modified.

Case stated to determine liability of county to constable.

The facts appear by the opinion of the Superior Court.

The court entered judgment for plaintiff for $14.30. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*W. W. Achenbach,* for appellant, cited: Wadlinger on Costs, sec. 204; Wayne County v. Waller, 90 Pa. 99; Lehigh County v. Semmel, 124 Pa. 358; McCallister v. Armstrong County, 9 Pa. Superior Ct. 423; York County v. Crafton, 100 Pa. 619.

*W. H. Spencer,* for appellee, cited: Lycoming County Commissioners v. Hall, 7 Watts, 290; Allegheny County v. Watt, 3 Pa. 462; Richardson v. Clarion County, 14 Pa. 198; McCalmont v. Allegheny County, 29 Pa. 418; Mansel v. Fulmer, 175 Pa. 377; Shrope v. Northampton County, 3 Lanc. L. R. 123; McCullough v. Com., 67 Pa. 32.

OPINION BY RICE, P. J., May 22, 1902:

The plaintiff was a constable of Lycoming county. A warrant for the arrest of one Elmer O'Brien upon a charge of larceny having been placed in his hands by a justice of the peace

of that county, he went to Pittsburg, where O'Brien was detained by the police authorities, arrested him and brought him to Lycoming county and lodged him in jail. It is admitted in the case stated that in conveying the prisoner to jail, where, presumably, he was lodged until a hearing could be had, the plaintiff was compelled to pay the railroad fare of the prisoner from Pittsburg to Williamsport, amounting to $6.30. Subsequently O'Brien was tried, convicted and sentenced to pay the costs of prosecution and to undergo an imprisonment in the Eastern penitentiary. One of the questions for decision is, whether the county is liable to the plaintiff for the sum thus expended. Prior to the Act of February 17, 1899, P. L. 3, there was no statutory provision for the reimbursement of a constable for such expenditure: McCallister v. Armstrong County, 9 Pa. Superior Ct. 423. But that act expressly provides that in addition to a fixed fee for each defendant the constable shall receive " for conveying defendants, except vagrants, to jail on mittimus or warrant . . . . the actual cost of transportation for such defendant or defendants." It being admitted that the expense was necessarily incurred in conveying a prisoner to jail, and it not being apparent from the case stated that the officer went outside the line of his duty in so doing, this part of his claim would seem to be within the strict letter as well as within the spirit of the act of 1899.

The second item of the plaintiff's claim is as follows : " Paid police authorities at Pittsburg for detention, boarding and lodging of said Elmer O'Brien, $8.00." What part of this item is for boarding and lodging the prisoner, and what part for " detention," does not appear. The fee bill mentions neither of these items, but as we remarked in the case above cited, the legislature never intended that the prisoner might be starved nor that the expense of feeding him should be borne by the officer; therefore, we do not say that in a very clear case of necessity the county would not be liable for the amount actually expended by the officer for that purpose. See Richardson v. Clarion County, 14 Pa. 198, Lycoming County Commissioners v. Hall, 7 Watts, 290, and Allegheny County v. Watt, 3 Pa. 462. But the charge for "detention" is too indefinite. If it was for some legal fee to which the police authorities of Pittsburg were entitled, the fact should have been stated. If

it was a sum demanded by them without authority of law, the fact that the constable paid it did not make it a lawful charge upon the county. This is too plain for argument. Granting, then, that the county is liable for a portion of the item of $8.00 above referred to, yet, as it does not affirmatively appear from the agreed facts that it is liable for the whole of the item, and as we are unable to determine what part of it is for boarding and what part is for " detention," we must necessarily reject the whole item.

The judgment is modified and amended by striking out the item, $8.00, paid police authorities at Pittsburg, and as thus modified and amended is affirmed.