## Commonwealth v. Meyers.

*Francis J. Gildner*, for petitioner; *Robert H. Norgang*, for county.

RENO, P. J., Nov. 23, 1928.—The petitioner became bail for defendant, which was forfeited and the amount paid by petitioner to the county. Subsequently, defendant was apprehended, convicted and sentenced. Petitioner prays for a refund.

Had application been made before the moneys were actually paid into the treasury, we would have granted relief under the Act of Dec. 9, 1783, § 2, 2 Sm. Laws, 84, by remitting or moderating the forfeiture. Or if the amount collected had been paid into court in pursuance of the Act of July 30, 1842, § 26, P. L. 454, we might have been able to decree a distribution that would have saved something for the petitioner. Even this is doubtful; for it appears that the court's authority to distribute is limited to the items set forth in the statute (Com. *v.* Erdis, 19 Dis. R. 1), although in Com. *v.* Gaul, 2 Woodward, 70, it was suggested that relief might be afforded in the distribution proceedings.

But this fund is not in court and never was here. It was voluntarily paid by petitioner to the county and remains in "the county stock," as an old act of the general assembly describes the treasury: Act of Sept. 23, 1791, § 11, 3 Sm. Laws, 43. And there it must remain, unless the petitioner can point to an act which expressly or by necessary implication authorizes us to order a refund: Wayne County *v.* Waller, 90 Pa. 99. Failing in that, his only recourse is evidence that "the Almighty has commanded it" (Richardson *v.* Clarion County, 14 Pa. 198, 200), but we have not found the statute nor heard the command.

Now, Nov. 13, 1928, petition refused and dismissed.

From Edwin L. Kohler, Allentown, Pa.