## Blossom Products Co. v. National Underwear Co.

*Groman & Rapoport*, for plaintiff.

*Dallas Dillinger, Jr.*, for defendant.

HENNINGER, J., June 15, 1937—To institute the above action of replevin plaintiff was obliged to file a bond in the amount of $25,000, upon which it paid a premium of $250. The litigation lasted over two anniversaries of the date of the bond, requiring the payment of two additional premiums of $250 each. After the trial in the court below, in which a verdict was rendered in favor of plaintiff for the goods claimed, plaintiff filed a bill of costs including two of these premiums and additional items of $88.50, totaling $588.50, and had the prothonotary enter judgment against defendant for said amount. After an appeal and an opinion in the Supreme Court of Pennsylvania adverse to defendant, plaintiff filed an additional bill of costs, including the third premium and its expense for a paper book.

Defendant admits the propriety of all other items of cost but, within the proper time, taxed the items for premiums on the replevin bond. The prothonotary, after hearing and argument in which the facts were admitted, held that he had no power to deal with the amount included in the judgment and that, in any event, the item of

premium upon the bond was a proper item of cost recoverable by the successful from the unsuccessful party.

We cannot agree with the prothonotary on the second proposition. Neither party was able to furnish us with a decision by the appellate courts of Pennsylvania on this proposition. The prothonotary based his decision on two Federal cases, Crowe v. Peaslee-Gaulbert Co., 37 F. (2d) 216, and Williams v. Sawyer Brothers, Inc., 51 F. (2d) 1004, in each of which it is decided that premiums on bonds required in lawsuits were recoverable as costs. In each case, however, there was a strong dissent and the decision was based upon a custom found to exist and to govern the procedure in Federal courts.

Whether or not these cases are good Federal law we cannot say. Certainly neither custom nor equity is sufficient authority in Pennsylvania to fasten liability for costs upon a losing party. Here the right to recover costs is purely statutory and the person claiming costs must be able to point to the statutory authority for the same.

Costs, which were given to neither plaintiff nor defendant by the common law, are so peculiarly a matter of statutory regulation that the first and generally the final inquiry of the judicial mind is what will has the legislature expressed upon the subject: King v. Boyles, 31 Pa. 424.

In Henning v. Keiper, 43 Pa. Superior Ct. 177, where a proposition was made by defendant to apportion costs because, while plaintiff eventually won a verdict, an appeal had resulted in a reduction thereof, the Superior Court stated, at page 178:

"If at liberty to reason about the abstract justice of the case, a plausible argument might be made in favor of a division of the costs in question. . . . However, we are not at liberty to apportion costs, but must determine the case in accordance with the statutory rule."

So we find plaintiff's argument for repayment of the premium as costs to be persuasive but beside the point.

It required acts of assembly to permit an administrator or public official to be reimbursed for premiums on their bonds, and for a successful litigant to have the costs of his paper books on appeal repaid to him as costs. Hence it is for the legislature and not for the courts to provide the remedy plaintiff asks.

The exact point has been decided in R. H. Beaumont Co. v. National Sand & Gravel Co., 15 D. & C. 602, in which President Judge Boyer of Bucks County held that reimbursement for the premium on the replevin bond is not a proper item of damage in the absence of statutory provision allowing the same.

The same result is reached as to other items of damage analogous to the premium on the bond by the decision in Commonwealth, to use, v. Lintott, 64 Pa. Superior Ct. 328, in which it is said, at page 332:

"In the absence of a statute so providing, there is no warrant for embracing in the assessment of the legal costs and damages, contemplated by the statute, counsel fees for the plaintiff, sums paid to deputy sheriffs for working over time, and a lump item called costs expended to recover possession of car."

Counsel fees are as essential to an action in replevin as a bond, yet they have never been allowed as costs or damages.

On the other point, the prothonotary is undoubtedly correct in saying that he has no authority to satisfy a judgment even though he might recognize its erroneous entry. His lack of authority does not prevent the court from passing upon its validity. The decision of the Supreme Court affirmed the judgment entered for the goods replevied. It did not consider the judgment for costs which was entered ex parte and before defendant had an opportunity to attack the items in the bill of costs upon which it was based. That judgment, therefore, being ex parte, is still within the jurisdiction of this court. It will,

therefore, be opened and reduced to the sum of $88.50, which was admitted to be due as costs at that time.

And now, June 15, 1937, defendant's appeal from the decision of the prothonotary in the taxation of costs in the above-entitled action is sustained and the prothonotary is ordered and directed to retax said costs in accordance with this opinion, striking out therefrom any items for premiums on replevin bonds or renewal premiums therefor, and it is further ordered and decreed that the judgment for $588.50 entered December 16, 1935, for costs theretofore accrued, be opened and the same is hereby reduced to the sum of $88.50; costs on taxation of costs and appeal therefrom to be paid by plaintiff.