# Henning v. Keiper, Appellant.

*Appeals—Printing of paper-books—Trespass—Treble damages—Reduction of judgment.*

Where the court below in an action of trespass trebles the damages awarded by the jury, and the appellate court reverses the judgment and directs judgment in favor of the plaintiff for the amount of the verdict, and it appears that the only assignment which the defendant was able to sustain was that relating to the damages, the plaintiff is not liable for the cost of printing the defendant's paper-book on the appeal.

Argued Dec. 6, 1909. Appeal, No. 47, Oct. T., 1909, by defendant, from order of C. P. Monroe Co., Feb. T., 1907, No. 16, discharging rule to tax expense of printing paper-books as part of the costs in case of Phillip G. Henning v. Amos Keiper. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to show cause why the defendant should not be permitted to have taxed, as a part of his costs, the expense of printing his paper-book on appeal.

The court in an opinion by STAPLES, P. J., discharged the rule.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging the rule.

*Rogers L. Burnett,* for appellant, cited: Barto v. Beaver Traction Co., 37 Pa. Superior Ct. 447.

*A. Mitchell Palmer,* with him *C. R. Bensinger,* for appellee.

OPINION BY RICE, P. J., July 20, 1910:

Judgment was entered for the plaintiff in trespass, the court

trebling the damages awarded by the jury. On appeal this court reversed the judgment and directed judgment in favor of the plaintiff for the amount of the verdict. The question is, whether the plaintiff is liable for costs of printing appellant's paper-book on that appeal. The learned judge of the common pleas in a well-considered opinion held that he was not, and in that conclusion we all concur. It is to be observed that on that appeal there were several assignments of error urged by the appellant and that the only one that was sustained was that which related to the trebling of damages. The result was a judgment in favor of the appellee, but for a less amount than he had recovered in the court below. Apart from any equitable considerations we think the court was right in holding that the final decision was not rendered in favor of the appellant, within the meaning of the act of 1907; and it is only the party in whose favor the final decision is rendered that is entitled to charge and collect as part of the costs the amount that shall have been expended for printing his paper-books. Notwithstanding the fact that the defendant succeeded in reducing the amount of the judgment, he was, nevertheless, the losing party just as the defendant on an appeal from a judgment of a justice of the peace is the "unsuccessful party" if judgment be obtained against him in the common pleas, though for a less amount. See King v. Boyles, 31 Pa. 424; Knappenberger v. Roth, 153 Pa. 614; Root v. Miller, 1 Woodward's Decisions, 81. We have carefully considered the case of Kennedy v. Hughey, 3 Watts, 265, upon which appellant's counsel places great reliance, but we think it throws very little light upon the construction of the statute controlling the decision of the case before us. "Costs which were given to neither plaintiff nor defendant by the common law, are so peculiarly a matter of statutory regulation, that the first and generally the final inquiry of the judicial mind is, What will has the legislature expressed upon the subject." WOODWARD, J., in King v. Boyles, supra. If at liberty to reason about the abstract justice of the case, a plausible argument might be made in favor of a division of the costs in question, but we do not see how it could be plausibly argued that all should be borne by

the plaintiff. However, we are not at liberty to apportion costs, but must determine the case in accordance with the statutory rule, which we think was done in the order appealed from. See opinion in Pennsylvania Company v. Wallace, ante, p. 000.

The order is affirmed.