Pennsylvania Company, Appellant, v. Wallace.

*Appeals—Costs—Printing paper-books—Final decision—Acts of May 19, 1897, P. L. 67, and April 15, 1907, P. L. 83.*

1. Where a judgment on a verdict for plaintiff is reversed and a new venire awarded, and on a second trial a verdict and judgment is again rendered in favor of the plaintiff, and this judgment is affirmed, the defendant is not entitled to recover from the plaintiff the cost of printing his paper-books and other costs in the first appeal.

2. The Act of April 15, 1907, P. L. 83, related only to such cases as arose after the passage of the act and not to cases pending and undisposed of at the time of its passage.

Argued May 11, 1910.   Appeal, No. 129, April T., 1910, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1909, No. 104, on case stated in suit of Pennsylvania Company v. Fred F. Wallace.   Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Case stated to determine liability for costs of printing paper-books.   Before WILLIAM E. PORTER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*Oscar L. Jackson,* with him *C. B. Fernald,* for appellant.

*Robert K. Aiken,* for appellee.

OPINION BY ORLADY, J., July 20, 1910:

The plaintiff recovered a verdict in an action of trespass against the plaintiff in the common pleas of Lawrence county for $14,750, which on appeal to the Supreme Court was reversed with a venire facias de novo: 219 Pa. 327. On the second trial of that action the plaintiff therein recovered a verdict of $15,250, and on appeal to the Supreme Court it was affirmed, 222 Pa. 556, and became a final adjudication of the cause of action. The Pennsylvania Company then filed a bill for the costs paid to the prothonotary of the common pleas and in the Supreme Court, $18.00, and for the printing of its paperbook on the first appeal to the Supreme Court, $317.

This case stated raises the question of the liability of the plaintiff in the original action against the Pennsylvania Company for the costs and expenses incurred by that company in its appeal to the Supreme Court, and on which appeal the judgment of the court below was reversed, and the solution thereof depends upon the interpretation to be given to two acts of assembly, which are parts of the same system and are to be construed together. It is to be noted that this is not a case where the party successful in securing the final judgment seeks to tax and collect costs from the party against whom the final judgment is entered, but is one where the party against whom the final judgment is entered endeavors to collect, as costs, court charges and cost of printing paper-books on its successful appeal to the appellate court, from the party who secures the final judgment. The Act of May 19, 1897, P. L. 67, provides, sec. 21, "The costs in any appealed cause shall consist of the amount paid to the prothonotary or clerk of the court below and of the appellate courts, and an attorney fee of three dollars in each court to which an appeal is taken. Such costs shall be paid by the party

finally losing the cause, except as herein otherwise provided, and in equitable proceedings, where the court shall otherwise direct.   In all cases where the appellate court shall be of opinion that the appeal was sued out merely for delay, it shall award as further costs, an additional attorney's fee of twenty-five dollars, and damages at the rate of six per centum per annum in addition to legal interest."   The Act of April 15, 1907, P. L. 83, provides, "That in all cases, either in law or equity wherein an appeal is taken to any judgment, decree or order to the Supreme Court or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs, such amount as shall have been expended for printing paper-books upon said appeal.   Said amount to be taxed and collected in the same manner as costs are now taxed and collected by law."

The legislature intended by these enactments to discourage frivolous and vexatious appeals by imposing the cost of printing the paper-books, as an additional item of costs, on the party ultimately held liable; and to reimburse the party in whose favor the final decision is rendered by permitting him to charge and collect from the losing party the amount he had been obliged to expend for printing the paper-books upon the appeal.   The act provides that they are to be taxed at the end of the proceeding in the same manner as other costs are now taxed and collected, and they do not refer to interlocutory or intermediate, but only to final judgments.   To hold otherwise would encourage litigation and raise collateral questions as to an equitable liability on such appeals where every one of the assignments of error was not sustained. The words "finally losing the cause" in the act of 1897 and "final decision" in the act of 1907, refer to the state of the record of the court in which the case is tried, which puts an end to the action; when no further question is reserved for future determination except such as may be necessary to carry the final judgment into effect.   As a

general rule a judgment is not considered a final one which settles only a part of several issues of fact: 11 Ency. P. & P. 965.

As stated by the court below, "Upon the first appeal the Supreme Court did not render a final decision in the cause of action. Nor did the Supreme Court so regard it, for the lower court was reversed, a new venire was awarded, so that upon another trial the lower court could try the case in the light of the decision of the Supreme Court upon the particular questions that were before the lower court at the first trial. The final decision was rendered by the Supreme Court on the second or last appeal." The words quoted from the statutes refer to that conclusion of the law upon the facts found or admitted which ends the litigation, as distinguished from an interlocutory judgment given in the progress of a cause upon some plea, proceeding or default which is only intermediate, and does not finally determine or complete the suit: 3 Bl. Com. 396.

This question of liability has been before us in other phases, and we have held that the act of 1907 related only to such cases as arose after the passage of the act, and not to cases pending and undisposed of at the time of its passage: Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584; Barto v. Beaver Traction Company, 37 Pa. Superior Ct. 447; Miller v. Jackson, 38 Pa. Superior Ct. 477; Duff v. Thrall, 39 Pa. Superior Ct. 254; vide also Henning v. Keiper, 43 Pa. Superior Ct. 177.

The court below held that this plaintiff, who was the defendant in the original action, is not entitled to recover from this defendant, who was the plaintiff in the original action, the expense of printing the paper-books on the first appeal to the Supreme Court, nor for the other items of costs claimed by it.

The judgment is affirmed.