# Knoller, Appellant, *v.* Everett Realty Company.

*Appeals—Costs—Printing paper book—Act of April 15, 1907, P. L. 83.*

Under the Act of April 15, 1907, P. L. 83, it is only the party in whose favor the final decision is rendered that is entitled to charge and collect as part of the costs, the amount that shall have been expended for printing the paper book on appeal.

Where on defendant's appeal a judgment is reversed and subsequently on plaintiff's petition a rehearing is granted, and final judgment rendered for plaintiff for a reduced amount, with directions to the "plaintiff to pay the costs of this appeal," the defendant cannot be allowed the cost of printing his paper book.

*Set-off—Judgment against judgment—Case stated.*

Where the defendant in a judgment acquired by assignment the judgment of another person against the plaintiff, and plaintiff and defendant agree upon a case stated under which the courts shall adjudicate the rights of the parties, the court in the absence of intervening equities may set off one judgment against the other, and direct an officer of the court to satisfy the judgment against the defendant.

Argued Oct. 10, 1916. Appeal, No. 20, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1912, No. 1353, on case stated in suit of Aaron Knoller v. Everett Realty Company. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Reversed in part.

Case stated was as follows:

1. Aaron Knoller, the plaintiff, brought an action of assumpsit against the Everett Realty Company, the defendant, a corporation, in C. P. No. 2, June Term, 1912, No. 1353, and obtained a verdict upon which judgment was entered October 10, 1913, for $1,384.61.

2. An appeal was taken by the defendant to the Superior Court and on July 15, 1914, an opinion written by Mr. Justice PORTER was filed, reported in 57 Pa. Superior

Ct. 269, reversing judgment upon the ground that the defendant had erroneously been deprived of a credit of $279, to which he appeared to be entitled. A copy of said opinion is hereto annexed, marked "Exhibit A."

3. On July 21, 1914, plaintiff filed a petition in the Superior Court praying for a reargument and that the order reversing said judgment be modified by allowing said credit of $279, a copy of said petition is hereto attached marked "Exhibit G." The said reargument was ordered and was heard on October 29, 1914.

4. On February 27, 1915, the Superior Court made an order modifying said judgment and reduced said verdict by said amount of $279, and the judgment was affirmed in an opinion by Mr. Justice ORLADY, a copy of which is hereto annexed marked "Exhibit B."

5. A controversy has arisen between the parties as to the meaning and effect of the closing sentence of said opinion which is in these words: "The costs of this appeal to be paid by plaintiff."

6. By assignment dated December 10, 1914, Aaron Knoller assigned said judgment to Charles L. Smyth and Henry J. Scott, his counsel, in consideration of professional services rendered and money loaned to him. A copy of said assignment is hereto annexed marked "Exhibit C." Notice of said assignment was served upon the Everett Realty Company on January 18, 1915, as appears by a letter accompanying same, a copy of which is hereto annexed marked "Exhibit D."

7. That on October 19, 1914, suit was instituted in the Municipal Court of Philadelphia by Joseph Feldman, against said Aaron Knoller, plaintiff in the above entitled case, and on December 2, 1914, a finding was rendered by said court in favor of said Feldman for $315.96. On December 4, 1914, a motion and reasons for a new trial were filed by defendant Knoller, which were dismissed on January 12, 1915. Judgment was entered on March 10, 1914, on said finding; and on April 10, 1915, said judgment was marked to the use of the Everett

Realty Company defendant herein.  A copy of docket entries in the suit of Feldman v. Knoller is hereto attached marked "Exhibit E."  By assignment dated December 5, 1914, said judgment was assigned by Joseph Feldman to the Everett Realty Company.  A copy of said assignment is hereto annexed marked "Exhibit F."

8. No notice was given to said Aaron Knoller or his said assignees or counsel, that said judgment obtained in the Municipal Court by said Joseph Feldman against said Aaron Knoller, had been assigned to the Everett Realty Company prior to March 15, 1915, on which latter date parol notice thereof was given to the said use-parties Charles L. Smyth and Henry J. Scott.

9. On December 10, 1912, Bernard Magid obtained a judgment against said plaintiff, Aaron Knoller, in C. P. No. 3, December Term, 1912, No. 1298, for $94.15, and an attachment issued thereon attaching the defendant Everett Realty Company as garnishee and on March 15, 1915, said garnishee paid to the attorney for the said Magid, $85.18, who executed an order to satisfy said judgment on payment of prothonotary's costs.  No order has been made in that case by the court for payment of counsel fees to the said garnishee.

10. On March 15, 1915, defendant paid to the use-plaintiffs $495.44, without prejudice pending determination of the matters in controversy herein stated.  A statement of the amount claimed by plaintiff to be due is as follows:

Amount of verdict, ....................... $1,384.61
Allowance by order of Superior Court, ...... 279.00

Balance, ........................... $1,105.61
Interest thereon to March 15, 1915,.......... 116.19

Total, ........................... $1,221.80
March 15, 1915, paid on Magid attachment, ..................... $ 85.15

Amount reserved subject to adjudica-
tion of matters in controversy,..... 641.59    726.36

Credit March 15, 1915, amount paid on account,.$495.44

11. The use-plaintiffs, demand payment of the said
amount of $641.59, retained by defendant as aforesaid
with interest, and the following costs: Attorney, writ,
etc., $8.25; prothy., $6.75; crier and sat., $.25; fi. fa.,
$3.75; service, $.25; jury fee, $4 and plaintiff's bill,
$20.54, aggregating $43.50, and execution has been issued
to recover said amount.

12. Defendant claims a set-off of the costs of said ap-
peal and the debt, interest and costs of the judgment ob-
tained by Feldman against Knoller which was assigned
to defendant; and defendant also claims a garnishee's
attorney fee in the attachment in Magid v. Knoller of
$13.

The costs of said appeal consist of the following items:
Certiorari, $12; prothy. C. P. certifying record, $3;
printing paper books on appeal, $281; attorney's fee in
Superior Court, $3; total, $299.

Defendant contends that the costs of said appeal in-
clude defendant's record costs, as docketed in the pro-
thonotary's office, of the Common Pleas, as follows:

| | |
|---|---:|
| Affidavit of defense, ...................$ | .50 |
| Attorney, ........................... | 3.00 |
| Prothonotary, ..................... | 6.75 |
| Total, .........................$ | 10.25 |

Defendant, therefore, claims a set-off of

| | |
|---|---:|
| Superior Court costs, ...............$ | 299.00 |
| Common Pleas costs, ............... | 10.25 |
| Judgment in Feldman v. Knoller,..... | 315.96 |
| Interest thereon, ................... | 5.50 |
| Garnishee Fee Magid v. Knoller, ...... | 13.00 |
| Total, .........................$ | 643.71 |

13. It is agreed by the parties hereto that upon the facts above stated the court shall determine whether defendant is entitled to credit for any of said items of set-off and shall adjudicate the rights of the parties in the premises, and that a rule may be·granted to show cause why the fi. fa. should not be set aside.

The court made an order allowing the defendant to set off the cost of paper books on appeal, and the judgment of Feldman v. Knoller which it had acquired by assignment prior to the assignment of a judgment of Knoller v. Everett Realty Company to Messrs. Smyth and Scott. The court at first directed the defendant to satisfy the judgment.　Subsequently it entered the following order:

And now, to wit, December 23, 1915, it appearing to the court that the plaintiff in the above entitled case still claims the sum of $630.71, as unpaid upon the judgment together with costs in this court aggregating $43.50, and it further appearing that the defendant has, by payments and set-offs as allowed by order entered by this court May 1, 1915, paid and discharged the said judgment in full, but that the plaintiff, by reason of the above claim, refuses to satisfy the said judgment, and it further appearing that the plaintiff alleges that he intends appealing from the order of this court allowing the set-offs whereby the said judgment was in part discharged, now therefore, on motion of Owen J. Roberts, Esq., counsel for defendant, it is ordered and decreed that upon the filing by defendant with the prothonotary of a bond, with surety approved by the court in the penal sum of $1,000, to be conditioned for the payment by the defendant to the plaintiff of any or all of the above sum of $630.71 with interest and costs, to the payment of which the plaintiff may by appeal, establish his right, the prothonotary shall mark the judgment in the above matter satisfied of record.

174 KNOLLER, Appellant, *v.* EVERETT REALTY CO.

Assignment of Errors—Opinion of the Court. [65 Pa. Superior Ct.

*Errors assigned* were the judgment and the orders of the court.

*Henry J. Scott,* with him *Charles L. Smyth,* for appellant.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellee.

OPINION BY TREXLER, J., December 18, 1916:

1. The plaintiff, Aaron Knoller, obtained a judgment against the Everett Realty Company on October 10, 1913, for $1,384.61. Upon an appeal to the Superior Court the judgment was reversed on July 15, 1914, the basis of the reversal as appears in the opinion of Judge PORTER reported in 57 Pa. Superior Ct. 269, being that the defendant had erroneously been deprived of a credit of $279. On July 21, 1914, plaintiff filed a petition praying for a reargument asking that in order to prevent further delay and litigation, the judgment be modified by allowing the credit of $279 and after reargument this court modified the judgment by deducting the credit and affirmed it for the lesser amount. The order made by this court through Judge ORLADY, 59 Pa. Superior Ct. 544, contained the following words: "The costs of appeal to be paid by the plaintiff," the appellee.

The court below held that under the above order the defendant had the right to set off against the plaintiff's claim, the cost of printing his paper book. Is this properly included as costs under the above order? Before the Act of April 15, 1907, P. L. 83, the cost of printing the paper book was not a part of the costs. That act provides that in all appeals to the appellate courts the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs such amounts as shall have been expended for printing paper book upon said appeal. This does not mean the party who is the victor in the particular ques-

tion raised on the appeal. It is he who gets the final decision in his favor. Thus in Henning v. Keiper, 43 Pa. Superior Ct. 177, where in trespass treble damages were recovered in the lower court, and upon appeal the judgment was reversed and the record remitted with instructions to enter judgment for the actual damages as found by the jury, the appellant who on the appeal sustained his claim that plaintiff was only entitled to single damages was not allowed to recover the cost of his paper book. We quote the language of RICE, P. J., "The result was a judgment for appellee but for a less amount than he had recovered in the court below. Apart from any equitable considerations, we think the court was right in holding that the final decision was not rendered in favor of the appellant within the meaning of the Act of 1907 and it is only the party in whose favor the final decision is rendered that is entitled to charge and collect, as part of the costs, the amount that shall have been expended for printing the paper book. Notwithstanding the fact that the defendant succeeded in reducing the amount of the judgment, he was nevertheless the losing party, just as the defendant on an appeal from a judgment of a justice of the peace is the 'unsuccessful party' if judgment be obtained against him in the Common Pleas though for a less amount." This was followed in Pennsylvania Co. v. Wallace, 44 Pa. Superior Ct. 64, in which Judge OR-LADY states, "The words 'final decision' in the Act of 1907 refered to the state of the record of the court in which the case is tried which puts an end to the action when no further question is reserved for future determination except such as may be necessary to carry the final judgment into effect. As a general rule a judgment is not considered a final one which settles only a part of several issues of fact." When this court made the order as to costs, the costs included only such as were legally chargeable. As the Act of 1907 only allows the charging of the paper book against the unsuccessful suitor at the end of the suit, and as the plaintiff in the suit before us was the successful suitor, we have no authority to direct

him to pay the cost of the paper book.   We are bound by the terms of the Act of 1907, supra, and we have no power to extend its terms or vary its provisions.   The ultimate winner of the suit is the one entitled to its benefits.

2. The court allowed defendant to set off a certain judgment which it had acquired against the plaintiff by assignment of verdict in Feldman v. Knoller, December 2, 1914.   This the court had the right to do.   "Judgments are set against each other not by force of the statute but by the inherent powers of the court immemorially exercised": Ramsey's App., 2 Watts 228.   Under the facts as presented in the case stated, this assignment preceded the assignment of the judgment of Knoller v. the Everett Realty Co. to Messrs. Smyth and Scott, made December 10, 1914.   There are no equities disclosed which would affect the former assignment and being prior in time, it is prior in law.

3. After the court below had found the sum due by the plaintiff to the defendant and had provided for the payment of the same by the defendant, it proceeded under the Act of March 14, 1876, P. L. 7, to direct the plaintiff to satisfy the judgment.   The act contains no provision authorizing the court to direct the party to the action to satisfy the judgment, so subsequently the court directed the proper officer to satisfy it.

The appellant claims that under the Act of 1876 the court could not set off one judgment against another in a proceeding to obtain satisfaction.   This was decided in Felt v. Cook, 95 Pa. 247.   It does not however apply to the case before us.   The court in this case, under the case stated, performed the functions both of court and of jury and the set-off between the judgments was made not under the Act of 1876 but under the agreement of submission.

The order of the court as to the item allowing the defendant the cost of printing the paper book on appeal is reversed and the record is remitted with direction that an order may be entered in accordance with this opinion.