## Tucker et al., Trustees, v. Tucker, etc.

*Herbert A. Barton,* for plaintiffs.

*John C. Noonan* and *Earl J. Gratz,* for defendant.

BOK, P. J., June 19, 1952.—The jury's verdict was for defendant. Plaintiffs filed a motion for judgment n. o. v., which we overruled, and a motion for a new trial, which we granted. Defendant alone appealed, and the Supreme Court reversed. See Tucker v. Tucker, 370 Pa. 8 (1952). The following order concluded the Supreme Court's opinion:

"The order of the Court below granting plaintiff's motion for a new trial is reversed, and the record is remanded with direction to enter judgment for plaintiffs in the sum of $649.47, with interest from February 2, 1948."

Judgment was accordingly entered, whereupon both parties filed their bills of cost for printing the record and briefs on appeal. Defendant filed exceptions to plaintiffs' bill and gave due notice under Common Pleas Rule 308 for taxation of costs by the prothonotary. No question was raised as to the accuracy of the bill but only as to plaintiffs' right to their costs. The prothonotary dismissed defendant's exceptions, taxed plaintiffs' bill in full, and took no action on defendant's bill, to which no exceptions had been filed.

There are three applicable statutes.

One is the Act of May 19, 1897, P. L. 67; 12 PS §1160, which provides that the costs in any appealed case " . . . shall be paid by the party finally losing the cause. . . . "

The next is the Act of April 15, 1907, P. L. 83, 12 PS §1193, which reads as follows:

"In all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, the party in

whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. . . . The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

The third is the Act of June 5, 1913, P. L. 422, 12 PS §1195, which reads as follows:

"In all appeals to the supreme or superior court, when the judgment, order, sentence, or decree is reversed by said appellate court, without a venire or order and judgment as to the payment of costs, the lawful costs in said case, taxed in the lower court, shall be paid by the losing party in such appeal; and, on the filing of the remittitur in said lower court, the proper officer shall enter judgment against said losing party, upon which judgment due process may issue for the collection thereof: Provided, however, That process to collect the said costs may be stayed if the court below shall determine the case is not finally closed between the parties, and the said losing party, or legal representative, shall bring a new action for the same cause of action against the other party, or legal representative, within thirty days after said determination. When such second or other action is brought, the collection of said costs shall be postponed until the final closing of said action, when said costs shall follow the judgment in said second or other case relating to the same cause of action. In default of said second or other action, the judgment for costs shall be final."

We think the prothonotary's action was right. The Act of 1907 appears to cover final decisions when no further proceedings can follow. The Act of 1913 appears to cover cases in which further proceedings may

ensue. The instant case involves a final decision without further proceedings, but we doubt that we need distinguish between the two acts, since in finished proceedings the terms "final decision" and "losing party" involve the same idea. See Pennsylvania Company v. Wallace, 44 Pa. Superior Ct. 64 (1910).

Plaintiffs sued for about $19,000 and got nothing from the jury. No money had been paid into court and no tender by defendant of any amount had been made. Defendant denied liability in toto.

Defendant argues that the sum of $649.59, for which the Supreme Court has directed judgment for plaintiffs, is "incidental" and "not determinative of the winning party". No case is cited to the effect that a party must win its whole claim before it may recover costs: this idea would be hard to follow in trespass actions. It has been held, in Henning v. Keiper, 43 Pa. Superior Ct. 177 (1910), that a defendant who succeeds in getting an adverse verdict reduced on appeal is still the losing party.

Directly in point is Soltaniuk, exec., v. Metropolitan Life Insurance Company, 137 Pa. Superior Ct. 537 (1939), in which plaintiff recovered a verdict for $1,-086.50, which was the face of the policy plus interest. At the trial defendant had presented a point for binding instructions for *plaintiff* in the amount of $42.71, the admitted premiums. The court below then entered judgment n. o. v. for *defendant*. On appeal by plaintiff, the Superior Court reversed and entered judgment for plaintiff for $42.71. It held:

"While this judgment was much less than the amount plaintiff was contending for, nevertheless the final decision was rendered in his favor, even though for a much less amount than the verdict, and it carried the costs of the appeal with it."

The court pointed out that if the lower court had entered judgment n. o. v. for the admitted amount of $42.71, instead of for defendant altogether, the judgment would have been affirmed and plaintiff would have been the losing party. See also Mahony, Trustee, v. Boenning et al., 139 Pa. Superior Ct. 428 (1939).

In short, defendant in the instant case had a verdict, but on appeal plaintiffs have judgment, and for the purposes of the costs that is a "win". It is of no moment that the Supreme Court did not grant a *venire*. It held as a matter of law that there were no jury issues and that the sum of $649.59 was due plaintiffs. We fail to see that there is the slightest difference between the Supreme Court's achieving a final decision by legal conclusions and by affirming a conclusion of fact.

Plaintiffs are therefore entitled to their costs and defendant is not.

The appeal from the prothonotary's taxation of plaintiffs' bill of costs is dismissed and his action is affirmed. Defendant's rule is discharged.