## Logue v. Potts Manufacturing Co. et al.

144

*Landis & McIntosh*, for plaintiff.

*Faller & Faller*, for defendants.

GARBER, J., July 8, 1955.—On December 16, 1953, a jury returned a verdict in favor of plaintiff and against defendants in the sum of $8,422 in an action to recover for damages sustained in an automobile accident. Defendants moved for a new trial, alleging trial errors and excessiveness of the verdict. After argument this motion was dismissed and a subsequent motion for rearguments was denied on May 24, 1954.

Defendants appealed to the Supreme Court and included the alleged trial errors and the excessiveness of the verdict as questions to be argued, and did in fact argue both of these questions on appeal.

The Supreme Court, in an opinion dated March 21, 1955, written by Justice Allen M. Stearne (381 Pa. 144), found no trial errors, but did reduce the verdict from $8,422 to $6,422, the order being as follows:

"We therefore reduce this amount [the special damages] to $5,029 and affirm the judgment in the sum of $6,422. The judgment, as modified, is affirmed."

Thereupon the parties both filed their bills of costs, plaintiff's being in the sum of $60.07, including a printing cost of $57.07. Defendants' bill included a printing cost of $421.54, and totaled $441.54. Each party excepted to the other's bill of costs, claiming liability on the adverse party, but neither objected to the amounts or items of costs.

On March 29, 1955, defendants tendered to plaintiff the sum of $6,422, which tender was refused because it did not include interest.

Thereafter defendants presented to the court their petition to permit payment of the amount of the verdict into court, and for a rule to show cause why judgment entered on the verdict should not be satisfied. By agreement between counsel for plaintiff and defendants, defendants were granted leave on April 12, 1955, to pay into court the sum of $6,422. $6,000 thereof to be paid over to plaintiff forthwith, and the balance to be retained by the prothonotary pending further order of court. Two questions have thus been raised and are now before us for determination. The first of these is as to the amount of interest defendants shall be required to pay. The second is the respective liability of the parties for costs on appeal, particularly including costs of printing paper books.

At the trial defendants admitted liability and agreed that special damages sustained by plaintiff amounted to $1,393. They now admit that they owe interest on this sum from the date of the verdict to March 29, 1955. They also admit that they owe interest on the remainder of the judgment, as reduced by the Supreme Court, from March 21, 1955, the date of the order of the Supreme Court, to March 29, 1955, the date of the tender.

At common law a plaintiff could have execution only for the amount of the judgment without interest, and in order to recover interest, was required to resort to a new action, Stewart v. Peterson's Executors, 63 Pa. 230. Our Act of 1700, 1 Smith's Laws 7, sec. 2, 12 PS §782, changed this rule and provided that "lawful interest shall be allowed to the creditor for the sum or value he obtained judgment for, from the time the said judgment was obtained till the time of sale, or till satisfaction be made".

Since that time interest has been regarded as a legal incident of every judgment and, "as distinctly a substantive part of the debt as if the obligation to pay it

was founded on a contract for interest," Watson v. McManus 223 Pa. 583, 588. The Act of April 6, 1859, P. L. 381, sec. 1, 12 PS §781, changed the law only to the extent of allowing interest from the date of the verdict, as distinguished from the date of the entry of judgment as provided by the Act of 1700.

Defendants argue that since they were correct in asserting that the verdict was excessive, as established by the order of the Supreme Court reducing it from $8,422 to $6,422, it would be unjust to charge them interest. They argue that they could not pay their debt to plaintiff because they did not know how much was owed to him until this amount was fixed on appeal.

On the other hand, the harms for which plaintiff has recovered in this action were sustained at the time of the accident. His claim for damages arose at that moment, and it was then that he became entitled to a recovery against the defendants. But in cases sounding in tort, or for unliquidated damages, interest does not run until the amount is fixed by the verdict: Carbondale City School District v. Fidelity and Deposit Company of Maryland, 346 Pa. 491. When the amount is so fixed, it is legal compensation for all harms sustained; past, present and future. Plaintiff has his verdict as compensation for his harms, and he is entitled to immediate payment. If not so paid, he is entitled to interest: Troetschel et ux. v. Pa. Turnpike Commission, 42 D. & C. 593; Commonwealth of Pa. v. Stephens et al., 114 Pa. Superior Ct. 126.

Defendants argue that because they admitted liability at the trial plaintiff was legally certain to recover some verdict, and the only real question on appeal was the amount thereof. They made no admission on the record of an amount due plaintiff, nor did they make him a tender of any such sum. They appealed, and left plaintiff wholly without the compensation for his harms to which the jury had found him entitled.

At the time the appeal was taken plaintiff had his judgment on his verdict, together with interest thereon as a natural incident thereof. The Supreme Court did not take this judgment from plaintiff, but simply modified it by reducing its amount, and affirmed it as reduced. The situation of the parties is precisely the same as though the verdict had been for this reduced sum. That sum has now been fixed as legal compensation for plaintiff's harms, measured as of the date of the jury's verdict, and bearing interest from that date. There is nothing in the opinion or order of the Supreme Court indicating any contrary intent. The interest involved amounts to about $500. If we sustained defendants' position, we would be further reducing plaintiff's verdict by this amount. To deny plaintiff interest on the reduced verdict would be to penalize him because the jury thought too well of his case against defendants.

Defendants complain of the injustice of requiring them to pay interest on a debt which they could not pay because the amount thereof was unknown until it was finally fixed by the appellate court. They could have relieved themselves of this difficulty had they desired to do so. They could have paid to plaintiff the special damages on which they now admit they owe interest, together with their own estimate of a sum which would amount to just compensation for the general damages sustained by plaintiff in this accident.

"It seems to have been long understood that where it is the duty of the debtor to pay the sum he owes, and the creditor demands a greater sum, the debtor can only relieve himself from liability by tendering payment of the debt. A bona fide dispute as to the amount of indebtedness is no bar to the accruing of interest. If a tender of payment falls short of the sum found due at the time of the tender, interest runs on the whole": Dougherty v. Philadelphia Rapid Transit Company, 58 Pa. Superior Ct. 574, 575.

Accordingly, we are of the opinion that plaintiff is entitled to interest on the sum of $6,422 from December 16, 1953, to March 29, 1955.

Which party is entitled to recover costs on appeal?

There are two relevant statutes. The Act of May 19, 1897, P. L. 67, sec. 21, 12 PS §1160, provides that in any appealed cause, "costs shall be paid by the party finally losing the cause". The Act of April 15, 1907, P. L. 83, sec. 1, as last amended, 12 PS §1193, provides that in any case wherein an appeal is taken to the Supreme or Superior Court, "the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs" the amount expended for printing paper books upon appeal.

Defendants' position is that at the trial they admitted liability and, therefore, there was bound to be a verdict against them, and the only real issue involved in their appeal was the alleged excessiveness of the verdict. As the Supreme Court reduced the amount of the verdict they argue that they were the successful party on the appeal and entitled to their appeal costs, including their printing bill. As we have previously pointed out they assigned as error not only the amount of the verdict, but also certain trial errors. They argue that the alleged trial errors could only effect the amount of the verdict and in reality the amount of the verdict was the only thing in issue in the appeal.

In Soltaniuk Executors v. Metropolitan Life Insurance Company, 137 Pa. Superior Ct. 537, plaintiff brought an action against defendant on a life insurance policy and recovered a verdict for $1,086.50, the face of the policy plus interest. At the trial defendant admitted liability in the sum of $42.71 and presented a point requesting binding instructions for plaintiff in that sum. Following the verdict defendant moved for a new trial and for judgment non obstante veredicto

upon the whole record. The court discharged the rule for a new trial but entered the judgment n. o. v. for defendant. Plaintiff then appealed. The Superior Court reversed the judgment of the court below and entered judgment for plaintiff for $42.71 with interest, the sum for which defendant admitted liability.

The Superior Court held that although this judgment was much less than the amount for which plaintiff was contending, nevertheless, the final decision was rendered in his favor and he was entitled to the costs on appeal.

In Henning v. Keiper, 43 Pa. Superior Court 177, judgment was entered for plaintiff in trespass, the trial court trebling the damages awarded by the jury. On defendant's appeal the Superior Court reversed the judgment and directed that judgment be entered in favor of plaintiff for the amount awarded by the jury. Defendant, successful in having the verdict reduced by two thirds, sought to collect from plaintiff the costs of appeal, including his printing costs. The Superior Court held that notwithstanding the fact that defendant succeeded in reducing the amount of the judgment, he was nevertheless the losing party and, therefore, liable for the appeal costs.

In Pennsylvania Company v. Wallace, 44 Pa. Superior Ct. 64, plaintiff in an action of trespass recovered a verdict in the sum of $14,750. On appeal to the Supreme Court judgment was reversed and a venire facias de novo awarded. On a second trial plaintiff again won a verdict, this time in the sum of $15,250. Defendant again appealed, but this time the judgment was affirmed and became a final adjudication of the cause of action. Defendant then undertook to recover from plaintiff the costs of its successful appeal to the Supreme Court following the first trial. The Superior Court held that the words "finally losing the cause" in the Act of 1897, and "final decision" in the Act of

1907 referred to the state of the record of the court in which the case is tried, and which puts an end to the action. The court, therefore, held that defendant could not recover from plaintiff for the costs in its successful appeal, since it was the one finally losing the cause and against whom the final decision was rendered.

In Knoller v. Everett Realty Company, 65 Pa. Superior Ct. 169, 175, the Superior Court said:

"As the Act of 1907 only allows the charging of the paper book against the unsuccessful suitor at the end of the suit, and as the plaintiff in the suit before us was the successful suitor, we have no authority to direct him to pay the cost of the paper book. We are bound by the terms of the Act of 1907, supra, and we have no power to extend its terms or vary its provisions. The ultimate winner of the suit is the one entitled to its benefits."

In Tressler v. Emerick, 84 Pa. Superior Ct. 461, plaintiff appealed unsuccessfully from the action of the trial court in opening a judgment. On the subsequent trial of the case plaintiff recovered a verdict. The Superior Court held that he was entitled to recover the costs of his unsuccessful appeal because he was the party having the final decision. The court there held that it was the final decision which determines which party shall pay the costs and not the outcome of any particular appeal.

In Tucker et al. v. Tucker et al., 83 D. & C. 395, plaintiffs sued to recover approximately $19,000. The jury's verdict was for defendant. Plaintiffs filed a motion for judgment n. o. v. which was overruled, and a motion for new trial which was granted. Defendant appealed from this order and the Supreme Court reversed the trial court and remanded the record with direction to enter judgment for plaintiffs in the sum of $649. Plaintiffs were permitted to collect their costs on appeal, including printing costs. Defendant argued

that the sum of $649 for which judgment was entered at the direction of the Supreme Court was "incidental" and "not determinative of the winning party". The court held that because plaintiffs have a judgment on appeal, that judgment is a "win and carries costs with it".

We have carefully considered the cases of Figlarowicz et al. v. Somerset Electrical Company et al., 69 D. & C. 60, and Matthews et ux. v. Tyrone Coal Company, 74 Pa. Superior Ct. 588, cited by learned counsel for defendants.

We are of the opinion that the rule of all the cases is that at the end of the action, the losing suitor is required to pay the costs, including the costs on appeal. By the appeal in the present case plaintiff was required to defend his judgment. He succeeded in doing this, although in a reduced amount. He has the final decision terminating this litigation, and under the rule of the cases, is entitled to his costs. In spite of the excellent arguments presented on behalf of defendants, we have no authority to direct otherwise As pointed out in Matthews v. Tyrone Coal Company, supra, page 591, "the final decision was in favor of the plaintiff because it preserved to him the judgment appealed from though in a less amount . . . the defendant was the losing party and must pay the expense of printing the paper-books".

Accordingly, we enter the following

*Order of Court*

And now, July 8, 1955, at 10 a.m., the verdict and judgment in the above-captioned matter as reduced by the Supreme Court to the sum of $6,422 shall bear interest from the date of the verdict to March 29, 1955.

Defendants' exceptions to the plaintiff's bill of costs are dismissed.

Plaintiff's exceptions to defendants' bill of costs are sustained.