Dornon, Appellant, *v.* McCarthy.

Argued April 12, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Martin E. Geary,* with him *Frank C. Carroll,* for appellant.

*Samuel L. Rodgers,* with him *Rodgers and Roney,* for appellees.

OPINION BY ERVIN, P. J., June 17, 1965:

The question involved in this appeal is whether the plaintiff is entitled to collect from the defendant the cost of printing his paper books in a prior appeal to the Supreme Court involving the same parties.

The plaintiff brought an action against the defendants in trespass and obtained a jury verdict for $30,-000.00. The defendants filed a motion for a new trial primarily on the ground that the verdict was excessive. The court below held that the verdict shocked the conscience of the court and directed that a new

trial be had unless the plaintiff filed a remittitur reducing the verdict to $13,000.00. This the plaintiff refused to do and the motion for a new trial was made absolute. The plaintiff appealed to the Supreme Court *(Dornon v. McCarthy,* 412 Pa. 595, 195 A. 2d 520). The Supreme Court agreed with the court below that the verdict was excessive and also agreed that the proper amount of the verdict should be $13,000.00. Accordingly, instead of affirming the grant of the new trial, the Supreme Court directed the court below "to enter judgment for the plaintiff as of the date of the verdict in the amount of $13,000."

Upon the return of the record to the court below, the plaintiff filed a bill of costs, including the charge for printing the record and briefs in the Supreme Court. After argument, the court below ordered that the plaintiff shall pay the cost of printing his own paper books. It is from that order that the plaintiff has appealed to this Court.

The right to recover costs is strictly governed by statute. In *Cameron v. Paul,* 11 Pa. 277, it was said: "At common law there were no costs in error. They were first given by the statute 3 Henry, 7, cap. 9, against defendants, who sued out a writ of error, when the judgment was affirmed, the writ of error discontinued or the party became nonsuit. This statute was affirmed by the 19 Henry 7, cap. 20. Next followed the 13 Car. 2, cap. 2, which gave to defendants in writs of error double costs, on an affirmance of the judgment below, and the 8 and 9 Wm. 3, cap. 11, by which it was enacted, that after judgment for a defendant, if the plaintiff or demandant sued out a writ of error, and the judgment should be affirmed, or the writ discontinued, or the plaintiff become nonsuit thereon, the defendant should have judgment to recover his costs against the plaintiff or demandant. All those acts are reported to be in force in Pennsyl-

vania; but none of them cover this case, and I know of no enactment of our own on this subject."[1]

The earliest statute involving costs in appealed cases was the Act of May 19, 1897, P. L. 67, §21, 12 PS §1160. This act, however, did not mention paper books. However, the costs of printing paper books were included in the Act of April 15, 1907, P. L. 83, §1, as amended by the Act of April 27, 1909, P. L. 263, §1, 12 PS §1193, which provided: "In all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

Subsequently the Act of June 5, 1913, P. L. 422, was enacted. Section 1, 12 PS §1195, dealt with the situation where the appellate court reversed without a venire for a new trial and reads as follows: "In all appeals to the supreme or superior court, when the judgment, order, sentence, or decree is reversed by said appellate court, without a venire or order and judgment as to the payment of costs, the lawful costs in said case, taxed in the lower court, shall be paid by the losing party in such appeal; and, on the filing of the remittitur in said lower court, the proper officer shall enter judgment against said losing party, upon

---

[1] A complete table of all the English statutes which the judges of the Supreme Court considered to be in force in the Commonwealth of Pennsylvania in 1808 may be found in 3 Binney 593 et seq.

which judgment due process may issue for the collection thereof; Provided, however, That process to collect the said costs may be stayed if the court below shall determine the case is not finally closed between the parties, and the said losing party, or legal representative, shall bring a new action for the same cause of action against the other party, or legal representative, within thirty days after said determination. When such second or other action is brought, the collection of said costs shall be postponed until the final closing of said action, when said costs shall follow the judgment in said second or other case relating to the same cause of action. In default of said second or other action, the judgment for costs shall be final."

Section 2, 12 PS §1194, dealt with the situation where the appellate court reversed with a venire for a new trial: "In all appeals to the supreme or superior court, when the judgment, order, sentence or decree is reversed, with a venire for another trial, the costs taxed in accordance with existing law shall be paid by the losing party; and on the return of the remittitur in the lower court the proper officer shall enter judgment against said losing party, upon which said judgment due process of law may issue for the collection of the same, unless the said cause of action is again tried in the lower court by the parties, or legal representative, within one year after such remittitur is filed; in which event the costs shall follow the final judgment on such retrial, and be transferred by the proper officer to said case, and the former judgment satisfied if against the successful party."

The cases construing one or more of the foregoing statutes can be classified in three categories. In the first group are cases where the appeal to the appellate court results in the granting, or the affirmation of a grant, of a new trial. In such a case it has been held that there is no final decision until the new trial is

had and all costs must await the outcome of the new trial. In such situations it is immaterial which party was the verdict winner in the first trial or which party took the appeal to the appellate court. This rule applies to criminal as well as civil cases.

A leading case in this group is *Pa. Co. v. Wallace,* 44 Pa. Superior Ct. 64. In that case the plaintiff recovered a verdict in trespass for $14,750.00. The defendant appealed to the Supreme Court, which granted a new trial. On the second trial the plaintiff recovered a verdict of $15,250.00. The defendant again appealed but the second judgment was affirmed. However, the defendant filed a bill of costs for the printing of his paper books on the first appeal, contending that the Supreme Court's opinion in that case had been in his favor. The court below held that he was not entitled to these costs, saying: "Upon the first appeal the Supreme Court did not render a final decision in the cause of action. Nor did the Supreme Court so regard it, for the lower court was reversed, a new venire was awarded, so that upon another trial the lower court could try the case in the light of the decision of the Supreme Court upon the particular questions that were before the lower court at the first trial. The final decision was rendered by the Supreme Court on the second or last appeal." The Superior Court affirmed this holding, stating: "It is to be noted that this is not a case where the party successful in securing the final judgment seeks to tax and collect costs from the party against whom the final judgment is entered, but is one where the party against whom the final judgment is entered endeavors to collect, as costs, court charges and cost of printing paper-books on its successful appeal to the appellate court, from the party who secures the final judgment." The Superior Court referred to the Acts of 1897 and 1907, supra, and said: "The legislature intended by these enact-

ments to discourage frivolous and vexatious appeals by imposing the cost of printing the paper-books, as an additional item of costs, on the party ultimately held liable; and to reimburse the party in whose favor the final decision is rendered by permitting him to charge and collect from the losing party the amount he had been obliged to expend for printing the paper-books upon the appeal. The act provides that they are to be taxed at the end of the proceeding in the same manner as other costs are now taxed and collected, and they do not refer to interlocutory or intermediate, but only to find judgments. To hold otherwise would encourage litigation and raise collateral questions as to an equitable liability on such appeals where every one of the assignments of error was not sustained. The words 'finally losing the cause' in the act of 1897 and 'final decision' in the act of 1907, refer to the state of the record of the court in which the case is tried, which puts an end to the action; when no further question is reserved for future determination except such as may be necessary to carry the final judgment into effect."

A similar situation with a similar argument was made in *Tressler v. Emerick,* 84 Pa. Superior Ct. 461, 464. There Judge HENDERSON said: "There is plausibility in the argument of the learned counsel for the appellee and in the opinion of the court below for the contention that it is unreasonable that an appellant should be permitted to recover costs on a losing appeal, but that is a legislative and not a judicial matter."

Other cases in this category are: *Brandeis v. Charter Mutual Benefit Association,* 163 Pa. Superior Ct. 204, 60 A. 2d 449; *Yount v. Whisner,* 170 Pa. Superior Ct. 182, 85 A. 2d 890; *Com. v. Trunk,* 320 Pa. 270, 182 A. 540.

In the second group are cases where the plaintiff was the verdict winner in the court below and the defendant appealed to the appellate court, which did not grant a new trial but did reduce the plaintiff's judgment to a portion of his original verdict. It was held in these cases that the defendant was the losing party because the plaintiff had to defend his entire verdict, and that the defendant cannot charge the cost of his paper books, even though he reduced the amount of his liability.

A leading case in this group is *Henning v. Keiper,* 43 Pa. Superior Ct. 177. In that case the plaintiff recovered a verdict in trespass for unlawful cutting of timber in the sum of $60.58. The court below trebled the damages and entered judgment in the sum of $181.-74. The defendant appealed from this action of the court and also from the answers to its points for charge. The Superior Court reversed and entered judgment for the amount of the original verdict. Upon the return of the record to the court below, the defendant presented a petition to tax the cost of his paper books. The court below held that, although the defendant was successful in having his 5th assignment sustained, he was unsuccessful in having his first three assignments sustained and therefore he was unsuccessful on the general contention. It, therefore, held that he was not entitled to his costs. On appeal the Superior Court affirmed, saying: "Apart from any equitable considerations we think the court was right in holding that the final decision was not rendered in favor of the appellant, within the meaning of the act of 1907; and it is only the party in whose favor the final decision is rendered that is entitled to charge and collect as part of the costs the amount that shall have been expended for printing his paper-books. Notwithstanding the fact that the defendant succeeded in reducing the amount of the judgment, he was, nevertheless, the los-

ing party just as the defendant on an appeal from a judgment of a justice of the peace is the 'unsuccessful party' if judgment be obtained against him in the common pleas, though for a less amount. See King v. Boyles, 31 Pa. 424; Knappenberger v. Roth, 153 Pa. 614; Root v. Miller, 1 Woodward's Decisions, 81."

Other cases to the same effect are *Knoller v. Everett Realty Co.*, 65 Pa. Superior Ct. 169; *Tucker v. Tucker*, 83 Pa. D. & C. 395; *Logue v. Potts Manufacturing Co.*, 4 Pa. D. & C. 2d 143; *Com. ex rel. Warner v. Warner*, 198 Pa. Superior Ct. 124, 181 A. 2d 888. In the latter case the court below placed a support order against the defendant of $80.00 a week for three children. He appealed to this court. We reduced the order to $65.00 a week and as thus modified the order was affirmed. The defendant then filed a bill of costs, including the cost of his paper book, but the court below refused to allow him these costs and he again appealed to this Court. We said, at page 129: "At the time the first appeal was taken in this case the appellee had an order of support for three children in the sum of $80.00 per week against the appellant. When we reduced that order to $65.00 per week we did not take this judgment or order of support away from the appellee but simply modified it by reducing its amount and affirmed it as reduced. The situation of the parties was precisely the same as though the order had been from the very beginning for this reduced sum. By the appeal the appellee was required to defend the order. This the appellee succeeded in doing although for a reduced amount. The appellee has the final decision terminating this litigation and is therefore entitled to costs."

The final category is when the plaintiff was the verdict winner in the court below but was unsatisfied with the amount of his verdict and filed an appeal in which he was unsuccessful. In those cases it was held

that if the plaintiff does not obtain a new trial "or succeed in increasing or bettering his judgment in the slightest degree," he cannot charge the cost of his paper book to the defendant. In *Matthews v. Tyrone Coal Co.*, 74 Pa. Superior Ct. 588, the plaintiffs recovered a verdict for $2,201.19 for damages for the wrongful mining of coal. However, they were dissatisfied with the court's rulings on the measure of their damages and appealed to the Supreme Court. The Supreme Court decided the appeal against the plaintiffs and affirmed the judgment of the court below. The plaintiffs filed a bill of costs for the cost of their paper books, contending that since they still had a verdict in their favor, the defendant was the losing party. The court below frankly stated that this was a "manifest injustice" but felt bound by the decisions in *Henning v. Keiper*, supra, and *Knoller v. Everett Realty Co.*, supra. It therefore found in favor of the plaintiffs. The Superior Court reversed and distinguished the cases cited. Judge KELLER (later President Judge) said: "In both the Henning and the Knoller cases, the plaintiff was compelled to defend his judgment and was successful in doing so, and hence the 'final decision' was rendered in his favor.

"That is not the case here. The defendants took no appeal; they made no attack on the plaintiff's judgment. The plaintiffs themselves sought a reversal of the action of the court below and failed entirely. The judgment in the court below was not disturbed and the plaintiffs lost their appeal therefrom. That was the 'final decision' in this action, and it carried with it no reward to the losing party by imposing the expense of printing his paper-book on the successful party in the final issue. A construction which would assure an appellant the payment of his costs on appeal, regardless of the merits of his case, will not be re-

sorted to unless the language of the statute imperatively requires it. This act does not."

The *Matthews* case was cited and followed nineteen years later in *Mahony, Trustee, v. Boenning,* 139 Pa. Superior Ct. 428, 434, 435, 12 A. 2d 483, another opinion by President Judge KELLER, who said: "Of course, where the judgment of the appellate court orders or approves a new trial, there is *no final decision* until that trial has been had; and all the costs, including the paper books on the first appeal, must await the outcome of the final trial. If an appeal is taken from the judgment on that trial, the costs of that *appeal* will be payable by the party who loses the final decision on appeal.

"For that reason the defendants are liable for all the costs in the court below and all the costs, including the paper books, on their appeal from the judgment. But if plaintiff was not satisfied with his judgment and saw fit to take his own appeal, and failed entirely to increase his judgment in the slightest degree, he must pay the costs on his own appeal, including the expense of printing the paper books, for the final decision on that appeal was against him.

"If the law were as plaintiff contends, a plaintiff might harass and annoy a defendant with groundless and causeless appeals, without subjecting himself to any liability for costs, simply because he obtained a judgment in the court below. A plaintiff entitled to recover a claim of $1000, might demand and sue for $100,000 and on recovering a just judgment for $1000 might appeal and contract a printing bill of $4000 or $5000 which the defendant would be obliged to pay although the final decision on the appeal was in his favor. The Act of 1909 does not so provide. If the plaintiff's appeal had resulted in the increase or betterment of his judgment in the smallest degree, it would have carried with it all the costs, including the ex-

pense of printing the paper books; but as the final decision on his appeal was against him, he must bear himself the costs incident to that appeal.

"The present case is precisely like the case of Matthews v. Tyrone Coal Co., supra, except that in that case the defendant took no appeal, while in this one the defendants did. But the appeal of the defendants related to an entirely different matter from that involved in this plaintiff's appeal. It was this fact which necessitated the printing of a much larger record than was required for the defendant's appeal. The defendants, of course, must pay all the costs in connection with their own appeal, but, because of the different and distinct matters raised by the appeals, they are not liable for the costs incurred in connection with plaintiff's appeal. The result would be otherwise if both parties appealed from the judgment on a single issue. Then the position of the plaintiff would have merit." See also a well reasoned opinion by Judge CRUMLISH in *Figlarowicz v. Somerset Electrical Co.*, 69 Pa. D. & C. 60.

A very interesting case is *Soltaniuk v. Metropolitan Life Insurance Co.*, 137 Pa. Superior Ct. 537, 10 A. 2d 96, because it falls into two of the foregoing categories. The plaintiff brought suit on a life insurance policy. The defendant contended that it was only liable to the extent of refunding the premiums paid. At the trial the *defendant* presented a point for binding instructions *for the plaintiff* in the sum of $42.71, the amount for which it admitted liability. The court below refused to do so and the plaintiff recovered a verdict for $1,086.50. Following the verdict the defendant moved for a new trial and for judgment n.o.v. The court below discharged the motion for a new trial but entered judgment n.o.v. for the defendant. The plaintiff appealed to this Court and we reversed the judgment and entered judgment in favor of the plaintiff for $42.71

with interest. We held that the plaintiff, having recovered a judgment for this amount, had carried with it the cost of appeal, including the paper books. However, we pointed out that "When the court below, instead of entering judgment non obstante veredicto for the plaintiff for $42.71, erroneously entered judgment for the defendant, it was the latter's duty promptly to call the court's attention to the error, in order that it might be corrected before an appeal was taken by plaintiff. If it had done so, and the judgment had been corrected by the court to conform to defendant's point for binding instructions, then an appeal by the plaintiff from that judgment would have been dismissed and the judgment would have been affirmed, and the costs on appeal would have been payable by plaintiff, the losing party on the appeal, just as in Matthews v. Tyrone Coal Co., 74 Pa. Superior Ct. 588.

"Having failed to call the error to the court's attention and thus have it rectified without appeal, the defendant must accept the consequences resulting from its failure to act, even though the plaintiff's reversal of the judgment on appeal was a Pyrrhic victory. The 'final decision', referred to in the Act of 1909, was rendered in this court in favor of the plaintiff for $42.71, instead of $1000, but it was in his favor, and carried the costs on appeal."

However, in that case the plaintiff was not satisfied with this result of the case and filed a petition for reargument, which we granted, but following the reargument we entered the same judgment that was originally entered. We therefore held that since the reargument held on plaintiff's petition resulted in no change in the judgment, the costs on the *reargument* should be paid by the plaintiff, in spite of the fact that the other costs were properly payable by the defendant.

We feel that the facts in the present case bring it within the third category. As we have previously stated, the plaintiff recovered a verdict for $30,000.00, as to which the court directed the plaintiff to file a remittitur, reducing it to $13,000.00, or in the alternative a new trial would be granted. The plaintiff refused to file such a remittitur and a new trial was granted. The plaintiff appealed to the Supreme Court, where the only question involved was whether the jury verdict of $30,000.00 was so excessive as to shock the conscience of the court. The Supreme Court held that it was, saying at page 598: "Our review of the record satisfies us, as it did the trial judge and the unanimous court en banc, that the verdict of the jury was excessive and shocks a sense of justice. To permit the verdict in the amount returned by the jury to stand undisturbed would be a manifest abuse of discretion. See Kite v. Jones, 389 Pa. 339, 350, 132 A. 2d 683, 689 (1957) ; Jackson v. Yellow Cab Co., 360 Pa. 635, 63 A. 2d 54 (1949)." The Supreme Court could have merely affirmed the grant of a new trial, in which situation this case would fall within the group of cases within the first category. However, it did not do so but said: "We reject appellant's contention that the verdict of $30,000 should remain undisturbed. Likewise, we reject appellees' contention that the verdict should be further reduced to a figure ($9,200) below that determined by the lower court. We do, however, conclude that, on this record, justice dictates that the judgment be reduced rather than that a new trial be awarded. We share the opinion of the court below that the verdict should be reduced to $13,000.

"The order granting a new trial is vacated and the court below is directed to enter judgment for the plaintiff as of the date of the verdict in the amount of $13,000."

Therefore the plaintiff found himself in exactly the same position that he was when the court below gave him the opportunity of filing a remittitur. He did not succeed in "increasing or bettering his judgment in the slightest degree." The plaintiff contends that since he refused to file the remittitur, he had no judgment at all and that the order of the Supreme Court increased his judgment from zero to $13,000.00. We are not impressed with this argument. He could have had a judgment for $13,000.00 and it was of his own volition that he did not have it. We feel that the case is ruled by *Matthews v. Tyrone Coal Co.*, supra, and again approve the language, at page 591: "A construction which would assure an appellant the payment of his costs on appeal, regardless of the merits of his case, will not be resorted to unless the language of the statute imperatively requires it. This act does not."

Judgment affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:

Although costs generally follow the verdict and judgment resulting from a retrial, I believe that the appellant herein by refusing to file a remittitur as suggested by the lower court and, instead, by taking an appeal to the Supreme Court waived his right to a new trial and limited the question to be decided by that Court to the amount of the judgment. The Supreme Court affirmed the allowance of $13,000 as proper, which was in effect a dismissal of the appeal. As in other cases, the loser should pay the costs of the appeal. Therefore, I concur in the affirmance of the order of the lower court imposing the costs of that appeal on this appellant, and he should also pay the costs of the present appeal.