Morris et vir, Appellants, *v.* Peckyno.

Argued November 10, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Paul N. Barna,* with him *Barna and Barna,* for appellants.

*August L. Sismondo,* for appellee.

OPINION BY ERVIN, P. J., March 24, 1966:

This is another case which raises the question as to which party shall bear the cost of printing paper books in a prior appeal of the case.

We had occasion to consider this question in the recent case of *Dornon v. McCarthy,*[1] 205 Pa. Superior Ct. 552, 211 A. 2d 28, where we were able to classify all the prior cases on this subject into three categories. We said: "In the first group are cases where the appeal to the appellate court results in the granting, or the affirmation of a grant, of a new trial. In such a case it has been held that there is no final decision until the new trial is had and all costs must await the outcome of the new trial. In such situations it is immaterial which party was the verdict winner in the first trial or which party took the appeal to the appellate court. This rule applies to criminal as well as civil cases. . . . In the second group are cases where the plaintiff was the verdict winner in the court below and the defendant appealed to the appellate court, which did not grant a new trial but did reduce the plaintiff's judgment to a portion of his original verdict. It was held in these cases that the defendant was the losing party because the plaintiff had to defend his entire verdict, and that the defendant cannot charge the cost of his paper books,

---

[1] The *Dornon* case was affirmed by the Supreme Court in a per curiam opinion with three Justices dissenting: *Dornon v. McCarthy,* 420 Pa. 626, 215 A. 2d 386.

even though he reduced the amount of his liability. . . . The final category is when the plaintiff was the verdict winner in the court below but was unsatisfied with the amount of his verdict and filed an appeal in which he was unsuccessful. In those cases it was held that if the plaintiff does not obtain a new trial 'or succeed in increasing or bettering his judgment in the slightest degree,' he cannot charge the cost of his paper book to the defendant." (Citing cases.)

However, the present case does not fall within any of the foregoing categories. The procedural facts are that the plaintiffs brought an action against the defendant as the result of an automobile accident. The jury returned a verdict in favor of the wife-plaintiff in the sum of $1,000 and in favor of the husband in the sum of $2,000. The defendant filed no motions, either for judgment n.o.v. or for a new trial, and stood ready to pay the verdicts. However, the plaintiffs considered the verdicts inadequate and moved for a new trial on that ground. The court below granted a new trial *limited to the issue of damages*. The defendant appealed to this Court from the order granting the new trial. We entered the following order: "The order of the court below is reversed, and judgments are here entered on the verdicts." *Morris v. Peckyno*, 202 Pa. Superior Ct. 490, 198 A. 2d 396.

Upon the return of the record, both parties filed bills of costs which included the costs of the printing of their respective paper books. In separate orders, the court below dismissed the plaintiffs' bill and sustained the defendant's bill. The plaintiffs appealed.

The statutes concerning costs on appeal were set forth verbatim in *Dornon v. McCarthy*, supra, and need not be repeated here. It is sufficient to state that the party in whose favor the final decision is rendered shall be entitled to collect his costs, including the cost of his paper books, from the losing party. Which party won the final decision? The plaintiffs contend that

they did, because they still have a judgment in their favor. The defendant contends that he did, because this Court sustained his appeal and reversed the action of the court below in granting the plaintiffs' motion for a new trial. We agree with the defendant.

The reasoning behind the decisions in the second category, supra, was that, although the defendant had succeeded in reducing the plaintiff's verdict, the plaintiff had been under the burden of defending his entire verdict and had succeeded in defending the portion which he retained: *Henning v. Keiper*, 43 Pa. Superior Ct. 177; *Knoller v. Everett Realty Co.*, 65 Pa. Superior Ct. 169. This was not the situation in the present case. The defendant's liability was not involved, nor was the amount of the verdict which the plaintiffs had won at the hands of the jury. On the former appeal, the plaintiffs were not required to defend either of those questions. The only issue which the plaintiffs were required to defend on that appeal was their opportunity to increase those verdicts. This they failed to do.

We agree with Judge McCune of the court below that this case is controlled by *Matthews v. Tyrone Coal Co.*, 74 Pa. Superior Ct. 588, where we said: "The act does not provide that the costs of the paper book shall be recovered by the party in whose favor judgment is finally rendered in the action, but in whose favor the 'final decision' is rendered."

Judgment affirmed.