## National Free Lance Photographers' Association v. Hertz Corporation

*Howard T. Gathright*, for plaintiff.
*John J. Hart*, for defendant.

KELTON, *J.*, April 5, 1978—The narrow issue presented to us at the current stage of these proceedings in equity is whether plaintiff, National

Free Lance Photographers' Association (National Free Lance), is entitled to have the prothonotary tax *as costs* against defendant Hertz Corporation (Hertz) the attorney fees incurred by National Free Lance in filing and successfully arguing in part exceptions to this court's prior order fixing damages for contempt of an earlier injunctive order. We hold that such fees are not recoverable as costs.

By way of brief background, the then chancellor, the Honorable Lawrence A. Monroe, former president judge (since retired), on November 30, 1976, entered a decree nisi finding Hertz in wilful contempt of his order of January 8, 1973, and directed Hertz inter alia to pay a compensatory civil fine to National Free Lance in the sum of $61,932.30. The chancellor further directed that "all costs of this proceeding shall be paid by defendant Hertz Corporation. . . ." Included in the sum of $61,932.30 was an allowance of $24,634.98 for counsel fees for plaintiff National Free Lance. On December 22, 1976, National Free Lance filed exceptions to the decree nisi and after additional proceedings the chancellor on June 15, 1977, increased the compensatory civil fine from $61,932.30 to $77,652.30 in order to allow additional lost profits to plaintiff for its contempt damages. The amended allowance did not include any additional amount for plaintiff's extra counsel fees in pursuing the exceptions to the original decree nisi.

On June 20, 1977, National Free Lance filed a bill of costs with the prothonotary in the amount of $2,430.76 to which exceptions were filed on June 22, 1977. An amended bill of costs was filed on June 24, 1977, in the amount of $3,053.26. After hearing on July 11, 1977, the prothonotary taxed costs against Hertz in the sum of $3,053.26 from which

Hertz has now appealed to this court. Finally, by way of procedural background, plaintiff filed with the prothonotary on July 18, 1977, a praecipe to enter a final order on Judge Monroe's decree nisi dated November 30, 1976, and as supplemented by the opinion and order of the court en banc dated June 15, 1977, ". . . with regard to the contempt action" and the prothonotary gave notice of judgment in accordance with Pa.R.C.P. 236 on July 19, 1977. Neither party has appealed from the chancellor's opinion and order of June 15, 1977, which modified in part the original decree nisi.

The total costs as set forth on plaintiff's amended bill of costs are as follows:

| | |
|---|---:|
| Additional attorney fees | $2,400.00 |
| Notary fees | 6.00 |
| Xerox copies | 3.76 |
| Trial transcript | 621.00 |
| | $3,053.26 |

We hold that the transcript costs and notary fees are recoverable as costs but the remaining items are not.

We have no question that the attorney fees initially incurred in connection with the investigation and prosecution of the contempt and which were allowed by Judge Monroe in the amount of $24,634.98 were properly assessable as contempt damages: Bata v. Central Penn National Bank of Philadelphia, 448 Pa. 355, 293 A. 2d 343 (1972); Annotation: Allowance of Attorneys' Fees in Civil Contempt Proceedings, 43 A.L.R. 3d 793. However, the general rule still is that attorney fees cannot be taxed *as costs* to the unsuccessful party in

litigation in the absence of express statutory authority, agreement by the parties, or some other established exception: Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 344 A. 2d 837 (1975); 1 Speiser, Attorneys' Fees, §§12.3, 12.10 and 12.11 (1973); Lindenfelser v. Lindenfelser (No. 5), 12 Bucks 113, 124-126 (1961). Compare: Feist v. Luzerne County Board of Assessment Appeals, 22 Pa. Commonwealth Ct. 181, 194-197, 347 A. 2d 772 (1975). It is our view that, a final order having been handed down by the court in its opinion and order sur plaintiff's exceptions to supplemental adjudication and decree nisi dated June 15, 1977, the bill of costs involved here must be treated on its own, and not as part of the prosecution for contempt. These fees, then, although incurred in the continuing prosecution for contempt, were not requested by plaintiff in taking its exceptions to the adjudication.

Plaintiff has relied heavily on the Bata case, supra, as authority for its right to recover fees. We do not, however, find Bata to be on point. Indeed, in that case the Supreme Court did find that attorney fees could be assessed against the losing party in a situation where counsel had been successfully engaged in an effort to have the damages increased after the entry of an order by the trial court. The posture of that case was entirely different, however. There, damages had been remitted in part as a result of an insufficient complaint, and the attorney fees were incurred in the process of amending the complaint in order to encompass further instances of contumacious conduct on the part of defendant and the lower court expressly reserved the right to impose future attorney fees as additional damages:

Bata, supra, at p. 364. On the facts before us, on the other hand, there was no further contumacious conduct alleged, but only exceptions taken to the chancellor's adjudication. Counsel for plaintiff has not cited us any authority which would allow us to approve the taxation of these attorney fees as court costs under Pa.R.C.P. 1523 and in the absence of any express exception to the general rule, we decline to do so: 5 Goodrich-Amram 2d §1523.2.

Finally, with reference to the additional attorney fees requested, even if it should be assumed that such fees were presently allowable as a matter of equitable discretion as a part of the contempt damages, we would exercise our discretion against such an allowance. Plaintiff has chosen to change its attorneys during the course of these proceedings and it is impossible for us to determine at this stage how much of the second law firm's work included review of the prior attorney's work or a repetition of research already completed. Defendant Hertz has already compensated National Free Lance in a substantial amount for the past contempts. We can perceive of no substantial reason why these damages should be increased.

With regard to the taxation of costs in the amount of $627, representing the cost to plaintiff for obtaining a transcript of the trial and notary fees, we affirm the prothonotary's decision. Unlike attorney fees, a transcript and notary fees are accepted costs which may be taxed to the unsuccessful litigant: Morris v. Peckyno, 207 Pa. Superior Ct. 217, 217 A. 2d 784 (1966). We recognize that this taxation would generally follow the ultimate completion of these lengthy proceedings, which, it could be argued, has not occurred yet. In view of the uncertainty as to when this case will be brought to a

conclusion, and in light of the contempt adjudications, and the obvious need for plaintiff's counsel to secure a trial transcript in order to argue his exceptions effectively, which were sustained in part, we do deem it proper to allow such taxation at this time.

## ORDER

And now, April 5, 1978, the July 11, 1977, taxation of costs by the prothonotary is hereby reversed to the extent of $2,424.26, representing the attorney fees and related expenses incurred by plaintiff in preparing and arguing its exceptions to the chancellor's adjudication. The taxation is affirmed in the amount of $627, representing the cost to plaintiff for a copy of the trial transcript and notary fees.